■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE PANICO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pizzuto, J.), rendered February 5, 1982, convicting him of six counts of perjury in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

During the course of a Grand Jury investigation into the loan-sharking activities of Salvatore Panico and Paul Bruno, defendant Carmine Panico, Salvatore's brother, was subpoenaed to appear as a witness. Police Officer Eugene Casazza, acting in an undercover capacity, had engaged in various conversations and dealings with defendant during the course of Casazza's investigation into the activities of Bruno and Salvatore Panico. Defendant had been involved in introducing Casazza to the alleged usurers and in accepting certain payments on their behalf. Casazza's conversations with defendant were taped on a Nagra tape recorder, which Casazza wore concealed beneath his clothing.

The prosecutor, with transcripts of the conversations recorded on the Nagra tape recorder in front of him during the questioning, made inquiries of defendant concerning the loan-sharking activities being investigated. Defendant's responses to this questioning resulted in his being indicted for and convicted of six counts of perjury in the first degree.

Defendant's contention that a perjury trap was set by the prosecutor because the prosecutor led him to believe that none of his conversations had been recorded in any manner is without merit. A perjury trap exists in a situation where the prosecutor shows no palpable interest in eliciting facts material to an authorized substantive investigation, and is simply preoccupied with trapping the witness into committing perjury (*People v Tyler,* 46 NY2d 251). When the questions asked are pertinent to the substance of a proper Grand Jury investigation and the prosecutor gives ample cues to stimulate the recollection of the witness, there is no perjury trap (*People v Schenkman,* 46 NY2d 232; *People v Pomerantz,* 46 NY2d 240). When the questions relate to a proper subject of the investigation and ample cues are given, any trap that exists is not aimed at perjury, but is aimed at flushing out the truth (*People v Pomerantz, supra,* at pp 243-244). In our case the questioning of defendant related to the loan-sharking activities of his brother Salvatore and Paul Bruno, a proper subject of the Grand Jury investigation, and defendant received more than ample cues which would have permitted him to tell the truth had he intended to do so. There is thus no support in the record for a conclusion that a perjury trap was set.

Nor was the prosecutor's negative response to a question asked of him regarding whether the Grand Jury questioning was the product of electronic eavesdropping improper. The question asked by defendant's attorney involved the very specific subject of electronic surveillance (*People v McGrath,* 46 NY2d 12; *People v Einhorn,* 35 NY2d 948). The concerns encompassed by the information sought from the prosecutor had no relevance to the consensual Nagra tape recorder (*People v McGee,* 49 NY2d 48; CPL art 700). Nor was there an independent duty imposed upon the prosecutor to reveal the existence of the Nagra tape (*People v Pomerantz, supra,* at p 249). We also note that defendant's acts of perjury were independent of any potential violations of his constitutional rights (*People v McGrath, supra*).

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.