■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COLON, Appellant. [629 NYS2d 110] —White, J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered June 17, 1993, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

As a result of his erratic operation of a motor vehicle on a public highway, defendant was arrested and subsequently charged with three felonies in a four-count indictment. After assignment of counsel, defendant entered into a plea bargain which resulted in his plea of guilty to two class E felonies, driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, and a subsequent sentence of 1 to 3 years in prison. Defendant now contends that this plea should be vacated since it was not knowingly, voluntarily and intelligently made. We find no merit to this contention.

A review of the record indicates that at the time of the plea colloquy, defendant stated that he had taken pain pills for a dislocated shoulder in the Oneida County Jail. County Court then questioned defendant specifically as to whether this interfered in any way with defendant's understanding of his plea and offered him an opportunity for an adjournment. Defendant advised the court that he was fine and did not wish an adjournment, while his attorney, in response to the court's questioning, opined that defendant was able to make a knowing and intelligent waiver of his rights. County Court continued with a thorough and careful allocution and the record satisfies us that not only was defendant fully apprised of the constitutional rights he was waiving by his plea, but also that he completely comprehended the nature of these proceedings and knowingly entered said plea. We also note that by failing to move to withdraw his plea before sentencing under CPL 220.60 (3) or to vacate the judgment of conviction under CPL 440.10, defendant failed to preserve his challenge to the plea allocution (*see, People v Lopez*, 71 NY2d 662; *People v Hicks*, 201 AD2d 831, *lv denied* 83 NY2d 911).

Defendant further contends that he did not receive meaningful assistance of counsel. After examining all the circumstances surrounding this case, we find that the constitutional requirement of effective assistance of counsel was satisfied and thus there is no merit to defendant's claim of ineffective representation (*see, People v Flores*, 84 NY2d 184; *People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.