■ The People of the State of New York, Respondent, v Richard J. Trathen, Appellant. [642 NYS2d 347] —Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered May 1, 1995, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Under the terms of a plea bargain, defendant disposed of an indictment charging him with driving while intoxicated (first and second counts), aggravated unlicensed operation of a motor vehicle in the first degree (third count) and criminal possession of a weapon in the third degree (fourth count), with a plea of guilty to the third count. The plea was entered upon advice of counsel and with the express understanding, stated upon the record in open court, that defendant would be sentenced to a one-year jail term. Sentenced in accordance with the plea bargain, defendant now appeals, contending that his plea was not properly entered and that the sentence was harsh and excessive.

Both contentions are meritless and we accordingly affirm. First, not having moved to withdraw his guilty plea or to vacate the judgment rendered thereon, defendant has not preserved his challenge to the plea allocution (*see, People v Lopez*, 71

NY2d 662, 665-666; *People v Colon*, 217 AD2d 725, 726). We are not at all persuaded that this is one of those "rare case[s] * * * where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra,* at 666). To the contrary, defendant freely acknowledged on the record that he operated a motor vehicle on May 28, 1994 while he was under the influence of alcohol and knew or had reason to know that his license was suspended or revoked as the result of a prior conviction of driving while intoxicated (*see*, Vehicle and Traffic Law § 511 [3] [a]). Finally, the bargained-for sentence was within the statutory guidelines and by no means harsh or excessive (*see, People v Reid*, 224 AD2d 728, 729).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.