■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO PEREZ, Appellant. [644 NYS2d 353] —Mercure, J.

Defendant was indicted for burglary in the second degree, sexual abuse in the first degree and sexual abuse in the third degree as the result of an August 28, 1994 incident in which he

entered a residence during the night, went into a woman's bedroom and rubbed her upper thigh while she slept. During jury selection, defendant entered a counseled plea of guilty to the first two counts of the indictment with the understanding that he would be sentenced as a second felony offender to concurrent prison terms aggregating 5 to 10 years. Sentenced in accordance with the plea bargain, defendant now appeals.

We affirm. Initially, we reject the contention that County Court erred in refusing to suppress oral statements defendant made to his parole officer and the police on August 31, 1994. According due deference to County Court's findings, particularly its determination to credit the testimony of the People's witnesses (*see, People v Lesiuk*, 81 NY2d 485, 490; *People v Prochilo*, 41 NY2d 759, 761; *People v Yukl*, 25 NY2d 585, 588, *cert denied* 400 US 851), we perceive no basis for disturbing County Court's findings that defendant was given the *Miranda* warnings before he made any inculpatory statements, that defendant did not invoke any of the rights that were read to him and that his statements were voluntarily made. In our view, it was entirely permissible for the police to encourage defendant's cooperation by advising him of the evidence against him, including the fact that the victim had identified him, and the People's witnesses testified that defendant made no request for counsel until after he made his oral statements. Of course, defendant's contrary testimony merely created a credibility issue that County Court resolved against him (*see, People v Lesiuk, supra*).

Defendant's remaining contentions are similarly unavailing. Surely, defense counsel was ill-advised to voluntarily produce defendant's written materials in response to the People's demand for *Rosario* material (*see*, CPL 240.44 [1]). Nonetheless, based upon our review of the record we conclude that the error had no affect on the outcome of the suppression hearing, did not contribute to defendant's plea (*see, People v Grant*, 45 NY2d 366, 379) and provides an insufficient basis for the claim of ineffective assistance of counsel (*see, People v Hobot*, 84 NY2d 1021; *People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900). Further, we reject the argument that defense counsel was unprepared. Viewing the record as a whole and considering any errors that may have been made by defense counsel, defendant was not deprived of the effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 146-147).

Next, having made no motion to withdraw his guilty plea or to vacate the judgment of conviction entered thereon, defendant may not now contest the sufficiency of his plea allocution

or the voluntariness of his plea (see, *People v Lopez*, 71 NY2d 662, 665-666; *People v Trathen*, 227 AD2d 734; *People v Sosa*, 226 AD2d 931). Finally, taking into account the crimes for which defendant was convicted, his past criminal history and the plea agreement he entered into, we conclude that the sentence imposed was by no means harsh or excessive (see, *People v Albert*, 184 AD2d 924, 925; *People v Del Valle*, 171 AD2d 628, 629, *lv denied* 78 NY2d 921; *People v Kazepis*, 101 AD2d 816, 817).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.