■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BROWN, Appellant. [676 NYS2d 377] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [3], [4]) and the infraction of driving the wrong way on a one-way street (Vehicle and Traffic Law § 1127 [a]). There is no merit to his contention that the verdict is contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). One officer testified that, while he was driving a police cruiser that was following the vehicle operated by defendant, he saw defendant throw "what appeared to be a weapon" over the top of the vehicle toward the corner. Another officer who was a passenger in the cruiser testified that, when the cruiser was about 15 yards behind defendant's vehicle, he observed defendant throw a gun from the vehicle and that the gun was recovered in the exact location where he told other officers it would be found. We also conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROWN, Appellant. [674 NYS2d 597] —Judgment unanimously affirmed. Memorandum: Defendant failed to move to withdraw his plea or vacate the judgment of conviction, and thus the issue of the voluntariness of the plea is not preserved for appellate review (*see, People v Lopez*, 71 NY2d 662, 665-666; *People v Johnson*, 251 AD2d 996; *People v Perez*, 228 AD2d 821, 822-823, *lv denied* 88 NY2d 968). We reject the contention of defendant that County Court failed to follow the procedures of CPL 400.21 in sentencing him as a second felony offender. The record supports the People's contention that a second felony offender statement was filed. In any event, even if the People failed to file the statement, the error is harmless in light of the fact that defendant was provided reasonable notice and an opportunity to be heard (*see, People v Bouyea*, 64 NY2d 1140, 1142). (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.