◼ The People of the State of New York, Respondent, v Timothy Tell, Appellant. [679 NYS2d 917] —Judgment unanimously affirmed (*see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.

◼ The People of the State of New York ex rel. Robert Campbell, Appellant, v Gary Filion, as Superintendent of Watertown Correctional Facility, Respondent. [679 NYS2d 917] —Appeal unanimously dismissed without costs. Memorandum: Relator appeals from a judgment denying and dismissing his petition for a writ of habeas corpus. Relator sought "immediate parole reinstatement and any other actions found just by th[e] court: physical, psychological and financial damages." The appeal is moot because relator was released on parole on December 19, 1997 and has failed to show any concrete and continuing harm (*see, Spencer v Kemna,* 523 US 1). In any event, relator failed to take a timely administrative appeal following the final parole revocation hearing that took place on October 16, 1996, and thus relator failed to exhaust his administrative remedies (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). Finally, the decision to impose the one-year holdover sentence after relator violated the conditions of his parole was not an ultra vires or unconstitutional act (*see,* Executive Law § 259-c [1], [2]). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Habeas Corpus.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.