■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Appellant. [694 NYS2d 201] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered January 21, 1998, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and perjury in the first degree.

Defendant was indicted for criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, all arising out of his alleged possession and sale of cocaine on December 10, 1996. At the arraignment on the indictment, defendant indicated that his name was Anthony Smith, his date of birth was May 17, 1973 and his Social Security number was 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. Defendant was released on a $40,000 unsecured bail bond. Subsequently, the bail guarantor advised County Court of concerns that defendant was attempting to establish an identity in another name. Consequently, a bail review hearing was conducted on July 21, 1997. At that time, defendant was placed under oath and questioned by County Court concerning his name, age, date of birth, address, Social Security number and prior criminal record. Defendant gave responses that the People's investigation showed to be false. As a result, the People filed a superior court information charging a single

count of perjury in the first degree. Ultimately, as part of a plea bargain, defendant disposed of the indictment and superior court information with guilty pleas to criminal sale of a controlled substance in the third degree and perjury in the first degree and was sentenced to concurrent prison terms of 4 to 12 years and 1 to 3 years. Defendant now appeals. We affirm.

We first note that by his plea of guilty to perjury in the first degree, defendant waived all factual defenses to that charge, including the present claim that he was snared in the People's "perjury trap" (*see, People v Di Raffaele*, 55 NY2d 234, 240; *People v Chevalier*, 226 AD2d 925, *lv denied* 88 NY2d 934). In any event, because the questions County Court asked at the July 21, 1997 bail hearing were pertinent to a proper investigation of the issues under consideration, there is no basis for a finding of a perjury trap (*see, People v Schenkman*, 46 NY2d 232; *People v Pomerantz*, 46 NY2d 240; *People v Tyler*, 46 NY2d 251; *People v Panico*, 111 AD2d 358).

Second, in view of the fact that defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon, he has waived his right to appellate review of his claims that he was denied effective assistance of counsel or (implicit therein) that his plea was not knowingly, voluntarily and intelligently entered (*see, People v Soto*, 259 AD2d 904; *People v Depta*, 257 AD2d 916). Were we to consider defendant's contentions, we would reject them as lacking in merit. Defendant received an advantageous plea bargain and nothing in the record casts any doubt on the apparent effectiveness of his counsel (*see, People v Ford*, 86 NY2d 397, 404), defendant's guilt or the voluntariness of his plea (*see, People v Lopez*, 71 NY2d 662, 666).

Finally, defendant has pointed to no circumstances supporting his vague contention that the negotiated sentence, which was imposed by County Court in accordance with the plea bargain, was harsh and excessive.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.