■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KNOBLAUCH, Appellant. [712 NYS2d 900] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 10, 1999, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree and sexual abuse in the third degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal contempt in the first degree and sexual abuse in the third degree with the understanding that County Court would impose a prison sentence of 1⅓ to 4 years. As a part of the agreement, defendant executed a written waiver of his right to appeal which encompassed all appealable issues, including the sentence. After considering defendant's request for a more lenient sentence, County Court sentenced defendant in accordance with the agreement. Defendant appeals.

By not moving to either withdraw his guilty plea or vacate the judgment of conviction, defendant failed to preserve both his challenge to the validity of his guilty plea (*see, People v Moore*, 270 AD2d 715, 716, *lv denied* 95 NY2d 800; *People v Merritt*, 265 AD2d 732, *lv denied* 94 NY2d 826) and his claim of effectiveness of counsel (*see, People v Faulkner*, 259 AD2d 905, *lv denied* 93 NY2d 924). The narrow exception to the preservation doctrine is inapplicable because the record reveals nothing which casts doubt upon defendant's guilt or the voluntariness of his plea (*see, People v Alicea*, 264 AD2d 900, 901, *lv denied* 94 NY2d 876).

Next, defendant's arguments relating to the severity of his sentence, including his claim that County Court erred in denying his request for a more lenient sentence, are unpreserved for our review by reason of his knowing, voluntary and intelligent guilty plea and waiver of the right to appeal (*see, People v Walker*, 266 AD2d 727, 728; *People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968). In any event, in light of the fact that defendant was arrested on more serious charges than those encompassed within the superior court information and because this sentence was to run concurrently with an unrelated one-year sentence imposed by City Court of the City of

Schenectady, the term imposed was neither harsh nor excessive (*see, People v Perez*, 228 AD2d 821, *lv denied* 88 NY2d 968; *People v Halm*, 180 AD2d 841, 843, *affd* 81 NY2d 819).

Lastly, to the extent that defendant's challenges to certain procedural irregularities in the sentence proceeding survived his guilty plea and waiver, we find that these arguments are nonetheless unpreserved for our review by virtue of his failure to bring the alleged irregularities to County Court's attention (*see, People v Defayette*, 241 AD2d 761, *lv denied* 90 NY2d 939; *People v Luisi*, 238 AD2d 811, *lv denied* 90 NY2d 941; *People v Whitehead*, 169 AD2d 847). Defendant's remaining contentions, to the extent not specifically addressed, have been reviewed and rejected.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.