■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON C. GOODINGS, Appellant. [716 NYS2d 481] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 22, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted by a Grand Jury on one count of criminal sale of a controlled substance in the third degree involving the sale of crack cocaine in the City of Binghamton, Broome County, on July 1, 1999. Defendant pleaded guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree and was sentenced to the agreed-upon indeterminate prison sentence of 3 to 6 years. He now appeals.

On appeal defendant claims that his prior felony conviction was not properly admitted into the record (*see*, CPL 400.21), that he received ineffective assistance of counsel, that his sentence is unconstitutional and that County Court erred in sentencing him without ordering a presentence report (*see*, CPL 390.20 [1]). We find no merit to any of defendant's claims and affirm his judgment of conviction.

Initially, the record reflects that County Court received a CPL 400.21 statement from the People reciting defendant's conviction for robbery in the third degree and reviewed the allegations in that statement with defendant who thereafter admitted through his attorney that he had been legally convicted of that crime. We find that this provided defendant with sufficient notice and an opportunity to controvert the allegations in that statement (*see*, *People v Chrysler*, 260 AD2d 945, 945-946; *see also*, *People v Bouyea*, 64 NY2d 1140, 1142) and does not vitiate defendant's conviction as a second felony offender.

Next, defendant's claim of ineffective assistance of counsel was not previously raised by a motion to withdraw defendant's plea or to vacate his conviction and thus it is not preserved for our review (*see*, *People v Knoblauch*, 275 AD2d 477) and the record reveals nothing which would cause us to invoke an

exception to the preservation doctrine (*see*, *People v Alicea*, 264 AD2d 900, 901, *lv denied* 94 NY2d 876).

Defendant's claim that his sentence is unconstitutional because it constitutes cruel and unusual punishment was also raised for the first time on this appeal and is not preserved for our review (*see*, *People v Harris*, 198 AD2d 570, *lv denied* 82 NY2d 925). Nevertheless, defendant fails to point to any extraordinary circumstances which would warrant our interference with the negotiated sentence (*see*, *People v Smith*, 263 AD2d 676, 677, *lv denied* 93 NY2d 1027).

Finally, defendant claims that he was improperly sentenced because County Court did not have a presentence report as required by CPL 390.20 (1). Defendant was sentenced on the same day he entered his guilty plea. The record reflects that County Court stated, "I have the probation report and am prepared for sentencing." Defendant did not object to proceeding with his sentencing and admits in his brief that there was a preplea report from the Probation Department. That document, entitled "Pre-Dispositional/Pre-Plea/Pre-Sentence Investigation Report," contains sufficient information regarding defendant and the charged crime to meet the requirements for such reports set forth in CPL 390.30 (3). Given all these circumstances, we find that defendant's sentencing was proper and shall not be disturbed.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.