■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANIKA DICKSON, Appellant. [739 NYS2d 751] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 22, 2000, convicting defendant upon her plea of guilty of the crime of murder in the second degree.

During a barroom altercation, defendant stabbed another bar patron in the neck with a knife, causing his death. The next day, with her attorney present, defendant provided a written statement to the police pursuant to an agreement with the District Attorney whereby defendant would not be sentenced to more than 15 years to life if she entered a plea of guilty to murder in the second degree. In satisfaction of a three-count indictment, defendant subsequently entered such a plea to the count which charged depraved indifference murder, and she

waived her right to appeal. Sentenced to a prison term of 15 years to life, defendant appeals.

"To the extent that a claim of ineffective assistance of counsel impacts on the voluntariness of a defendant's guilty plea, the claim survives a waiver of the right to appeal * * * but the claim must ordinarily be preserved by a motion to withdraw the plea or a motion to vacate the judgment of conviction * * *" (*People v Johnson*, 288 AD2d 501, 502 [citations omitted]). The record in this case contains no basis for applying an exception to the preservation rule (*see, People v Goodings*, 277 AD2d 725, *lv denied* 96 NY2d 735). Moreover, as a result of counsel's negotiation of the minimum possible sentence for the crime defendant committed, defendant received an advantageous plea bargain and the record casts no doubt on the apparent effectiveness of her counsel (*see, People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027). In particular, the record provides no support for defendant's claim that counsel coerced her into making a statement and counsel cannot be faulted for failing to convince the District Attorney to agree to a plea to a lesser crime than that actually committed by defendant. Defendant's final claim challenging the sufficiency of the allocution was not preserved for our review by a motion to withdraw the plea or to vacate the judgment (*see, People v Lopez*, 71 NY2d 662, 665). Her failure to recite that her conduct in stabbing the victim, which she admitted was reckless and created a grave risk of death to the victim, actually caused the victim's death is insufficient to invoke the exception to the preservation rule applicable where the allocution "clearly casts significant doubt upon the defendant's guilt" (*id.* at 666).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.