■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE KNOBLAUCH, Appellant, v TIMOTHY MURRAY, as Superintendent of Groveland Correctional Facility, Respondent. [748 NYS2d

532] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.), entered July 17, 2001 in Schenectady County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

On September 10, 1999, petitioner waived indictment and pleaded guilty to a superior court information charging him with criminal contempt in the first degree and sexual abuse in the third degree. The guilty plea was accompanied by petitioner's written waiver of appeal and was entered with the understanding that petitioner would be sentenced to a prison term of 1⅓ to 4 years. Petitioner was sentenced in accordance with the plea bargain, but he subsequently appealed, raising challenges to the validity of his guilty plea, the severity of his sentence and claimed procedural irregularities in the sentence. This Court rejected petitioner's contentions and affirmed the judgment of conviction (*People v Knoblauch*, 275 AD2d 477, *lv denied* 95 NY2d 965). Petitioner then brought this proceeding pursuant to CPLR article 70 challenging the sufficiency of the underlying accusatory instrument. Supreme Court denied the application, and petitioner appeals.

We affirm. Initially, we note that on December 21, 2001, during the pendency of this appeal, petitioner was released on parole, thereby rendering the appeal moot (*see People ex rel. Cooper v New York State Div. of Parole*, 286 AD2d 792; *People ex rel. Graham v New York State Dept. of Corrections*, 280 AD2d 768; *People ex rel. Faison v Travis*, 277 AD2d 916, *lv denied* 96 NY2d 705; *People ex rel. Campbell v Filion*, 255 AD2d 915). Because the case does not fall within the exception to the mootness doctrine, the appeal will be dismissed (*see People ex rel. Cooper v New York State Div. of Parole, supra*; *People ex rel. Faison v Travis, supra*). In addition, it is well settled that habeas corpus relief is not available where, as in this case, the claims advanced by the petitioner could have been raised in a direct appeal or a motion to vacate the conviction pursuant to CPL article 440 (*see People ex rel. McMoore v Stinson*, 246 AD2d 693, *lv denied* 91 NY2d 811; *People ex rel. Johnson v Lacy*, 243 AD2d 915, *lv denied* 91 NY2d 806). Petitioner's remaining contentions are also unavailing.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.