(December 22, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON WIMBERLY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 5, 1985, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts), assault in the first degree and assault in the third degree.

Defendant was convicted on November 8, 1985 of two counts of burglary in the first degree, one count of assault in the first degree and one count of assault in the third degree. The convictions stemmed from defendant's breaking and entering the home of his wife from whom he had been separated since 1982 or 1983, and beating and burning her on July 20, 1985. The victim was 25 years old, had known defendant since 1974, had been married to him for five years and was the mother of their three children.

On the evening of July 19, 1985, the victim had gone to a bar owned by her father with a friend named Nate Allen. She saw defendant there and said "hello", but had no conversation with him. Allen took her home about 4:00 A.M. The children were at the home of a friend of hers and she was alone on the second floor of her apartment preparing to go to bed when she heard a banging on the front door. She came downstairs and saw defendant trying to open the window. She asked defendant what he was doing. He did not answer and she told him that she had company, although she was in fact alone, and that she did not want to be bothered. Defendant broke the kitchen window and the glass fell on the victim's arms and legs. When the victim tried to call the police, defendant climbed through the window and cut the phone line with a steak knife. Defendant then repeatedly punched the victim in the face and head, and broke some of the appliances. Defendant left eventually, but warned the victim that he would kill her if she reported the incidents to the police.

The victim did contact the police and gave them a statement. When the police left, the victim went upstairs to take a shower and heard the smoke alarm sound. She went downstairs and saw defendant standing over the stove, holding what were later determined to be wooden plaques. The plaques were on fire and defendant held one of them against the victim's face. Later, the victim was taken by ambulance to the hospital. Her plastic surgeon testified that the burns extended to the fatty layer beneath the skin and that scarring on victim's neck and face would be permanent. After the

victim gave her statement to police, warrants were issued for defendant's arrest.

On July 23, 1985 defendant turned himself in at the Albany Police Department. There he met Detective John Fischer who informed defendant about the issuance of the warrants for his arrest. Fischer then arrested and booked defendant and gave him his *Miranda* warnings. When Fischer asked defendant why he had several bags of clothing with him, defendant stated "yeah I need them because I'm going to go away this time". Fischer testified that defendant continued to give reasons why he had beaten his wife. The only questions Fischer asked were those regarding pedigree on the arrest report and about the clothing that defendant had with him. All other statements were not in response to questions and were blurted out. At the suppression hearing, County Court ruled defendant's statements admissible because they were spontaneous. Defendant elected to testify at trial and denied breaking into the victim's apartment and beating and burning her.

Upon defendant's conviction, he was sentenced to 8⅓ to 25 years in prison on each of the two burglary charges, with the sentences to run consecutively. On the conviction for assault in the first degree, defendant was sentenced to a term of imprisonment of 5 to 15 years, to run consecutively to the sentence for the first count of burglary in the first degree and concurrently with the sentence for the second count. On the conviction for assault in the third degree, defendant was sentenced to a one-year term of confinement in the Albany County Jail, that sentence to run concurrently with the sentence for the first count and consecutively with the sentence under the second and third counts.

Defendant has appealed and first argues that his oral statements made at the police station should have been suppressed. We disagree. Although defendant could not knowingly and intelligently waive his constitutional rights in the absence of counsel once judicial process had commenced by the filing of a felony complaint *(People v Samuels,* 49 NY2d 218, 221; *People v Settles,* 46 NY2d 154, 166), this rule has no application when the statement sought to be suppressed was truly spontaneous "and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" *(People v Maerling,* 46 NY2d 289, 302-303). All the incriminating statements made here were volunteered by defendant and were not the result of questioning, direct or indirect, by the police. Fischer merely showed defendant the complaints made against him and asked defendant why he had brought his

clothing with him. Defendant's volunteered explanation of why he had committed the crimes was not in response to any inquiry from Fischer, and County Court was therefore correct in refusing its suppression *(see, People v Rivers,* 56 NY2d 476; *see also, People v Lynes,* 49 NY2d 286, 295).

We further consider County Court's ruling proper in regard to the *Sandoval* issue. At the *Sandoval* hearing the People requested to be allowed to impeach defendant with prior convictions for criminal mischief in the fourth degree in 1984, disorderly conduct in 1985, and two separate convictions for burglary and grand larceny in 1978, for which defendant received youthful offender treatment. The convictions for criminal mischief and burglary involved the victim's apartment. County Court ruled, over defendant's objection, that the People could use the criminal mischief conviction and inquire into the underlying acts, but could not mention that the victim in that offense was also the victim in this case. The fact of defendant's prior conviction of disorderly conduct was not permitted, only an inquiry into the underlying acts. The fact of the youthful offender adjudication was not permitted, only an inquiry about the underlying acts. We find no abuse of discretion by County Court in this *Sandoval* determination. Defendant's violent conduct inherent in his prior convictions evidences a desire to put his own interests above those of society *(see, People v Mercado,* 117 AD2d 627). Defendant also complains that it was prejudicial for the prosecution to reveal that some of his prior bad acts had been against his wife. However, since it was defense counsel who first mentioned the wife as the victim of the prior acts, we find no prejudice.

As to defendant's further contention that the victim suffered no physical injury as defined in Penal Law § 10.00 (9) during the first burglary, we also find that claim meritless since the proof demonstrates that the victim suffered "substantial pain" from the blows inflicted on her face and head *(see, People v Coward,* 100 AD2d 628). The proof of defendant's guilt in regard to the first count of burglary in the first degree and to assault in the third degree was legally sufficient.

With respect to defendant's argument that the two burglaries should have been treated as one continuing offense for the purpose of sentencing, thereby precluding consecutive sentences, we view the evidence as showing two separate and distinct burglaries, separated by time *(see, People v Gilliam,* 112 AD2d 475, *lv denied* 66 NY2d 919). We also find no merit in defendant's claim that he was deprived of a fair trial by County Court's conduct.

Finally, considering the violent nature of defendant's offenses, we find no abuse of discretion by County Court in regard to the sentences imposed. The judgment of conviction should be affirmed in all respects.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.