■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERTIS ADDISON, Appellant. [602 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 6, 1992, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record establishes that the defendant voluntarily and intelligently waived his right to raise on appeal all issues except those relating to the jurisdiction of the court and the propriety of his negotiated sentence. Moreover, as part of his plea agreement, the defendant, through counsel, withdrew all pending and previously decided pretrial motions. Accordingly, he cannot now challenge the denial of his motion to dismiss the indictment upon the ground that he was deprived of his statutory right to testify before the Grand Jury (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1; People v Carter, 191 AD2d 640; People v Corso, 183 AD2d 774; see also, People v Wallace, 188 AD2d 499).

The defendant's challenge to the propriety of his negotiated sentence is without merit (see, People v Kazepis, 101 AD2d 816; see also, People v Delgado, 80 NY2d 780).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.