■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES YAMYLE, Appellant. [617 NYS2d 329] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 29, 1993, convicting defendant, after nonjury trial, of robbery in the first degree (two counts) and robbery in the second degree (one count), and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, 4½ to 9 years, and 3 to 6 years, respectively, unanimously affirmed.

A review of the lineup photograph indicates that defendant's shirt was not so conspicuous, or dissimilar in appearance to shirts worn by the fillers, as to call undue attention to defendant (see, People v Torres, 182 AD2d 587, lv denied 80 NY2d 897).

Defendant failed to preserve his current claim that his waiver of a jury trial was not knowing and intelligent (CPL 470.05 [2]; People v Magnano, 158 AD2d 979, affd 77 NY2d 941, cert denied 502 US 864). In any event, the record indicates that the trial court properly accepted defendant's written waiver executed in open court, after duly advising defendant in connection with his right to a trial by jury, considering defendant's own explanation for the waiver, and accepting defense counsel's advice that he had repeatedly discussed the waiver with defendant, who was adamant in his choice to waive a jury trial.

After hearing arguments of the parties, and noting the already considerable delay in the case, the competence of assigned counsel and the "absolutely baseless" nature of defendant's complaints, the trial court appropriately exercised its discretion in denying defendant's mid-trial request for a second substitution of assigned counsel (see, People v Sides, 75 NY2d 822). Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.