THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE KILMER, Appellant. [643 NYS2d 431] —Mercure, J.

Defendant entered counseled guilty pleas to each count of an indictment in full satisfaction of that indictment and a number of unspecified additional uncharged crimes with the express understanding that he would be sentenced as a predicate felony offender to a prison term of $3^1/_2$ to 7 years. Sentenced in accordance with the plea bargain, defendant now appeals, challenging County Court's determination of his suppression and *Sandoval* motions.

We affirm. As a preliminary matter, we note that a plea of guilty works a forfeiture of nonjurisdictional defects (*see, People v Taylor*, 65 NY2d 1), including adverse rulings on a *Sandoval* application (*see, People v Otero*, 184 AD2d 484, *lv denied* 80 NY2d 976; *People v Gerber*, 182 AD2d 252, 259-260, *lv denied* 80 NY2d 1026; *People v Crouch*, 161 AD2d 834). Therefore, by

---

pleading guilty, defendant has removed from the case any appealable issue concerning the propriety of County Court's *Sandoval* ruling (*see, People v Taylor, supra,* at 7).

Turning now to the suppression issue, which has been preserved for our consideration by express statutory provision (CPL 710.70 [2]), we conclude that County Court did not err in its determination. The record of the suppression hearing provides ample support for County Court's conclusion that the challenged statement, made in Hudson City Court at the time of defendant's arraignment on the felony complaint, was not the product of any questioning but, rather, was spontaneously volunteered after defendant had been fully apprised of his rights (*see, e.g., People v Rivers,* 56 NY2d 476; *People v Wimberly,* 145 AD2d 823, 824-825, *lv denied* 73 NY2d 1024).

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the judgment is affirmed.