THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FIELDER, Appellant. [644 NYS2d 982]

At the time of the plea, the defendant's attorney acknowledged that the defendant had withdrawn "all motions". The prosecutor noted, among other things, that, as a condition of the plea bargain agreement, the defendant had "agreed to [make] restitution as determined by the court after the court's reading of the probation report". The prosecutor also recited that the defendant was waiving his right to appeal. However, the People now concede that this waiver was ineffective (*see, People v DeSimone,* 80 NY2d 273).

On appeal, the defendant argues that he was deprived of his right to the effective assistance of counsel during the Grand Jury proceedings. This argument rests primarily on allegations that the defendant's assigned counsel had not been

provided sufficient time to familiarize herself with the case prior to the conclusion of the Grand Jury proceedings. It is conceded that the defendant had an opportunity to testify before the Grand Jury, and that he ultimately decided not to do so.

The defendant did not make this precise argument in.his omnibus motion. In any event, as noted above, the defendant later withdrew this motion. Further, there is nothing to support the defendant's argument that his assigned attorney was unfamiliar with his case, or unable to counsel him with respect to the advisability of his testifying before the Grand Jury. For these reasons, this argument furnishes no basis for reversal (*see generally, People v Lambert,* 125 AD2d 495; *see also, People v Addison,* 196 AD2d 875; *People v Sturgis,* 199 AD2d 549; *People v Hamlin,* 153 AD2d 644).

The defendant also argues that the court erred in not holding a hearing prior to the determination of the amount of restitution. As noted above, the defendant consented to the procedure employed by the court. Thus, this issue likewise does not constitute grounds for reversal (*see, People v Callahan,* 80 NY2d 273; *People v Fletcher,* 209 AD2d 635; *People v Rickett,* 208 AD2d 657; *People v De Vito,* 192 AD2d 671; *People v Addison, supra*).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.