■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTEM SOYOUZOV, Also Known as ARTEM SOLOUZO, Appellant. [653 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 18, 1993, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the court did not err in admitting a photograph of the complainant and the defendant together. The photograph was admissible for the purpose of establishing that the defendant knew the complainant, a fact which the defendant denied at trial (*see, e.g., People v Wood,* 79 NY2d 958, 960; *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905).

Similarly, there is no merit to the defendant's contention that the delayed disclosure of certain notes in the police officer's memo book required reversal for a *Rosario* violation (*People v Rosario,* 9 NY2d 286, 289, *cert denied* 386 US 866). Indeed, the record reveals that the defendant was not prejudiced by this delay. Moreover, the notes of the detective's interview with the complainant, which he kept in a separate notebook, had been timely turned over as required.

Further, it is clear from the record that the defendant made a knowing and intelligent waiver of his right to a jury trial (*see, People v Davis,* 49 NY2d 114, 119). Indeed, even after the waiver was executed in open court, both the court and counsel repeatedly sought and received assurances from the defendant that he understood the advantages of having a jury trial. Notwithstanding these inquiries, the defendant remained adamant in his choice that he be tried by a professional jurist (*see, People v Yamyle,* 208 AD2d 466).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved

for appellate review (see, CPL 470.05 [2]), or without merit. Rosenblatt, J. P., Copertino, Sullivan and Joy, JJ., concur.