■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. EMPEY, Appellant. [662 NYS2d 152] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered July 15, 1996, convicting defendant upon his plea of guilty of the crime of driving while intoxicated and the violation of aggravated unlicensed operation of a motor vehicle in the first degree.

In satisfaction of two pending indictments, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree and was sentenced to a prison term of 1 to 4 years in accordance with the plea agreement. Initially, we note that by his plea of guilty, defendant waived appellate review of whether notice of the Grand Jury proceeding was defective and thereby denied him his statutory right to appear and testify at the Grand Jury proceedings pursuant to CPL 190.50 (5) (a) (*see, People v Taylor*, 65 NY2d 1, 5; *People v Rook*, 201 AD2d 931). Nevertheless, we find that the notice of Grand Jury proceedings reasonably notified defendant of the date thereof despite the typographical error that the testimony would be presented on January 18, 1994 rather than January 18, 1996, thereby triggering defendant's obligation to notify the prosecutor of his intent to testify.

Similarly, defendant waived his challenge to the sufficiency of his plea by failing to move to withdraw his plea or vacate the judgment of conviction (see, People v Demers, 239 AD2d 711). In any event, we find that the plea allocution was sufficient inasmuch as defendant's affirmative responses to County Court's questions established the elements of the crimes charged (see, Vehicle and Traffic Law § 511 [3] [a]; § 1192 [2]) and there is no indication in the record that the voluntary plea was baseless or improvident (see, People v Kinch, 237 AD2d 830, lv denied 90 NY2d 860; People v La Boy, 152 AD2d 866). Finally, given defendant's extensive history of driving while intoxicated and aggravated unlicensed operation of a motor vehicle, the bargained-for sentence was neither harsh nor excessive and we find no reason to disturb it (see, People v Miller, 234 AD2d 804).

Crew III, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.