■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARDA STOCKWELL, Appellant. [663 NYS2d 685] —Yesawich Jr., J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered November 17, 1995, convicting defendant upon her plea of guilty of the crime of kidnapping in the second degree.

Defendant pleaded guilty to kidnapping in the second degree as set forth in a superior court information. On October 20, 1995, before being sentenced in connection with this plea and without informing defense counsel, defendant pleaded guilty in Saratoga County to criminal possession of a controlled substance in the fifth degree and was sentenced to a prison term of $2^{1/3}$ to 7 years. Thereafter, on November 17, 1995, defendant was sentenced to a prison term of $8^{1/3}$ to 25 years in accordance with her plea of guilty to kidnapping in the second degree. Over defense counsel's opposition, County Court declined to direct that this sentence run concurrently with the sentence previously imposed by Saratoga County. Defendant appeals.

Defendant challenges the sufficiency of her plea, contending that the essential elements of the kidnapping charge were not established during the plea allocution. Inasmuch as defendant failed to move to withdraw her plea or vacate the judgment of conviction, however, this issue is not preserved for our review (*see, People v Lopez*, 71 NY2d 662, 665; *People v Nestman*, 239 AD2d 701, 702). In any event, were we to consider defendant's contention, we would find it to be without merit. Defendant affirmatively responded to County Court's question regarding whether she abducted the victim and admitted to being present when the victim was restrained with a rope and transported against his will.

Nor are we amenable to defendant's assertion that she was denied effective assistance of counsel. The record reveals that defendant not only received meaningful representation, evidenced by the favorable plea bargain, but also that she was satisfied with the representation she was furnished (*see, e.g., People v Rafter*, 234 AD2d 711, *lv denied* 89 NY2d 1014).

---

And contrary to defendant's contention, the sentence was neither harsh nor excessive. In imposing sentence, County Court cited the fact that the kidnapping ultimately resulted in the victim's death; the favorable plea bargain enabled defendant to avoid exposure to a murder charge. Moreover, defendant had knowingly and voluntarily entered her guilty plea with the understanding that County Court intended to impose the harshest sentence permitted. Although the sentence pronounced by County Court, when combined with the Saratoga County sentence, exceeds the maximum aggregate sentence permitted by Penal Law § 70.30 (1) (e) (i), this does not necessitate a reduction of the sentence, for the time to be served will be limited accordingly by the Department of Correctional Services (*see, People v Moore*, 61 NY2d 575, 578; *People v Nusbaum*, 222 AD2d 723, 726, *lv denied* 87 NY2d 1023). Defendant's remaining contentions are similarly meritless.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.