■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN CHAPPELLE, Appellant. [673 NYS2d 751] —Peters, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 18, 1996, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

While incarcerated at Great Meadow Correctional Facility in Washington County, defendant had a physical altercation with a correction officer which resulted in the officer's injury. Thereafter, indicted on two counts of assault in the second degree, defendant moved to dismiss the indictment upon the ground that the People failed to honor his written request to appear before the Grand Jury (*see*, CPL 190.50 [5] [c]). After County Court denied the motion as untimely, defendant pleaded guilty to the second count of the indictment in satisfaction of both counts. In keeping with the People's recommendation as part of the negotiated plea and upon finding that defendant was a second violent felony offender, he was sentenced to a term of imprisonment of 2½ to 5 years, consecutive with the term he was then serving.

Upon appeal, defendant contends that the indictment should be dismissed because of the People's failure to honor his writ-

ten request to appear before the Grand Jury. This issue need not detain us since the right to appellate review thereof was waived by his plea (*see, People v Empey,* 242 AD2d 839, *lv denied* 91 NY2d 834; *People v Dennis,* 223 AD2d 814, 815, *lv denied* 87 NY2d 972). Were we to consider it, we would find it unavailing.

While the plea did not preclude defendant from challenging count two of the indictment as jurisdictionally defective based upon a failure to specifically allege that "physical injury" was caused to the victim as required by Penal Law § 120.05 (3) (*see, People v Quamina,* 207 AD2d 1030, *lv denied* 84 NY2d 1014; *see also, People v Roe,* 191 AD2d 844, 845), such challenge is similarly without merit. In view of the fact that the indictment included a specific reference to Penal Law § 120.05 (3), the omission is not a jurisdictional defect since "incorporation by * * * reference to the statute operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself" (*People v Cohen,* 52 NY2d 584, 586; *see, People v Diaz,* 233 AD2d 777).

Concerning the sufficiency of the plea allocution, again we find the issue unpreserved for review due to a failure to either move to withdraw the plea or vacate the judgment of conviction (*see, People v Stockwell,* 243 AD2d 992). Were it properly preserved, we would find that the allocution sufficiently established all the elements of the crime (*see, People v Nestman,* 239 AD2d 701, *lv denied* 90 NY2d 908).

As to defendant's contention that he was not given an opportunity to contest his status as a second felony offender, we find no merit. The purpose for filing a second felony offender statement is to apprise the sentencing court of the defendant's prior conviction and to provide the defendant with reasonable notice and an opportunity to be heard (*see, People v Bouyea,* 64 NY2d 1140), which if left unchallenged is deemed an admission (*see, People v Polite,* 223 AD2d 564, *lv denied* 88 NY2d 852). Upon our review of the record, it is evident that at arraignment defendant was informed that he faced a greater term of imprisonment if convicted of assault in the second degree because of his status as a second felony offender. At sentencing, after being informed by County Court that he would be sentenced in accordance with the plea agreement, defendant, through his attorney, acknowledged receipt of the requisite notice as well as his status as a second felony offender. Although County Court's inquiry may have been made sooner, we find that there exists no basis upon which we could conclude that defendant was denied an opportunity to contest

the underlying conviction. Finding no other circumstances which would warrant our modification of the sentence imposed, we decline further review.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.