■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN P. BROWN, Appellant. [681 NYS2d 616] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 17, 1997, convicting defendant following a nonjury trial of the crimes of burglary in the second degree, burglary in the first degree, unlawful imprisonment in the first degree, rape in the first degree, sodomy in the first degree and sexual abuse in the first degree.

In the early morning hours of November 21, 1996, defendant unlawfully entered the victim's apartment, bound and gagged her and then left, assertedly to get his accomplices. While defendant was gone, the victim attempted to escape; she had reached the door of a neighbor's apartment when defendant returned, alone, and dragged her back to her apartment. He then tied her to the bed, sexually assaulted her, threatened her with a knife and implored her to stab him, which she did, before finally escaping.

Defendant was arrested later that day and ultimately indicted for the crimes of burglary in the second degree, burglary in the first degree (two counts), unlawful imprisonment in the first degree, rape in the first degree, sodomy in the first degree and sexual abuse in the first degree. After he waived his right to a jury trial, a bench trial ensued, following which defendant was convicted as charged, with the exception of one count of burglary in the first degree. Sentenced as a second violent felony offender to an aggregate determinate prison term

---

of 90 years on the burglary, rape, and sodomy charges, and to a determinate sentence of 7 years on the sexual abuse count and an indeterminate sentence of 2 to 4 years on the unlawful imprisonment count (both of which are to run concurrently with one of the burglary sentences), defendant appeals.

We affirm. Defendant's assertion, that he did not knowingly and intelligently waive his right to a jury trial, has not been preserved for review (*see, People v Mettler*, 147 AD2d 849, 851, *lv denied* 74 NY2d 666). In any event, that claim is meritless, for defendant's responses to County Court's detailed and thorough inquiries demonstrate that he was fully aware of the nature and consequences of his counseled waiver (*see, People v Yamyle*, 208 AD2d 466, *lv denied* 85 NY2d 916; *People v Livingston*, 184 AD2d 529, 530). After reviewing the transcript of its initial colloquy with defendant, the court found it prudent to conduct a second, more detailed inquiry, to ensure that he fully understood the ramifications of his decision, and examination of this latter exchange, in its entirety, discloses that defendant was in no way confused or misled by the court's explanations or questions. Equally unpersuasive is defendant's suggestion that his decision to sign a second written waiver may have been influenced by the court's earlier statement that his first waiver was irrevocable.

Nor are we of the view that County Court erred in finding that defendant's reentry into the apartment, after the victim's unsuccessful attempt to obtain help, constituted a second burglary, separate and distinct from that which occurred when he initially entered the premises. Defendant's statements, as recounted by the victim, provide ample basis for a factual finding that he first entered the apartment with the intent to commit the crimes of unlawful imprisonment, and possibly robbery, but that upon returning to find the victim outside he became angry and raped her. The second entry, temporally separate from the first and motivated, as it was, by an intent to commit different crimes from those originally contemplated, was therefore a distinct event, "justifying separate prosecution, separate conviction and consecutive sentences" (*Matter of Di Lorenzo v Murtagh*, 36 NY2d 306, 310; *see, People v Wimberly*, 145 AD2d 823, 825, *lv denied* 73 NY2d 1024; *People v Brown*, 66 AD2d 223, 226).

The victim's testimony that defendant had threatened to kill her while pointing a large kitchen knife in her direction amply supports the conclusion that defendant "[u]se[d] or threaten[ed] the immediate use of a dangerous instrument" (Penal Law § 140.30 [3]), and was therefore guilty of burglary in the first

degree (*see, id.*). Defense counsel's attempt to cast doubt on the veracity of this account (which the victim reaffirmed on redirect examination), by referring to her prior inconsistent statement on the issue, merely raised a credibility question, which was resolved (not unreasonably, in our view) in her favor.

Defendant's criminal history, the nature of the crimes he committed, and the threats he directed at the victim and County Court prior to sentencing, all militate in favor of leaving the sentences imposed undisturbed (*see, People v Crane*, 242 AD2d 783, 784). Although, as defendant notes, his actual confinement will be limited to 50 years by operation of law, that reduction is to be made by the Department of Correctional Services, not by this Court (*see, People v Moore*, 61 NY2d 575, 578; *People v Stockwell*, 243 AD2d 992).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.