■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL NESBETT, Appellant. [682 NYS2d 324] —Judgment unanimously affirmed. Memorandum: During his plea proceeding, defendant withdrew all prior motions that he had made, thereby waiving his current challenge to County Court's denial of his motion to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury (*see, People v Capone*, 229 AD2d 445, *lv denied* 89 NY2d 863; *People v Castillo*, 208 AD2d 944; *People v Addison*, 196 AD2d 875). Further, that challenge was encompassed by his waiver of the right to appeal (*see, People v Chappelle*, 250 AD2d 878; *People v Addison, supra*). In any event, there is no merit to the challenge. Defendant did not serve the District Attorney with notice of his intent to testify before the Grand Jury (*see,* CPL 190.50 [5] [a]; *People v Chappelle, supra*). Further, because defendant was not arraigned in a local criminal court, the District Attorney was not statutorily required to notify defendant of his right to testify (*see,* CPL 190.50 [5] [a]; *People v King*, 234 AD2d 319, *lv denied* 89 NY2d 943).

By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the sufficiency of the factual allocution (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 665-666). The court was not required to conduct further inquiry; the facts admitted by defendant did not suggest a potential defense that he acted in self-defense with respect to the correction officers (*see, People v Acevedo*, 219 AD2d 560, *lv denied* 87 NY2d 969; *People v Rivera*, 180 AD2d 767).

Defendant's waiver of the right to appeal encompassed defendant's right to challenge the severity of the sentence (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Assault, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.