(January 28, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM DEPTA, Appellant. [682 NYS2d 648] —Graffeo, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered December 8, 1997, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

While an inmate at Franklin Correctional Facility in Franklin County, defendant was involved in a physical altercation with two correction officers and was subsequently indicted for the crimes of assault in the second degree and attempted assault in the second degree. Defendant ultimately pleaded guilty to the crime of assault in the second degree and agreed to waive his right to appeal all issues except those relating to sentencing. Sentenced in accordance with the plea agreement to a determinate prison sentence of three years, to be served consecutive to the term he was then serving, defendant appeals.

We affirm. Initially, defendant's challenge to the propriety of County Court's *Sandoval* ruling was waived upon the entry of his guilty plea (*see, People v Kilmer*, 228 AD2d 808). Moreover, although defendant's waiver of his right to appeal does not preclude our review of the effectiveness of his counsel or the voluntariness of his guilty plea and waiver (*see, People v Seaberg*, 74 NY2d 1, 10), defendant's arguments in these respects are unpreserved for our review due to defendant's failure to either move to vacate the judgment of conviction or to withdraw his guilty plea (*see, People v Epps*, 244 AD2d 1012; *People v Chappelle*, 250 AD2d 878, 879, *lv denied* 92 NY2d 894). In any event, were we to review the arguments, we would find that defendant knowingly, voluntarily and intelligently

pleaded guilty and waived his right to appeal and that he was not denied effective assistance of counsel (see, People v Conyers, 227 AD2d 793, lv denied 88 NY2d 982).

Finally, we do not find that the sentence imposed was harsh or excessive considering the seriousness of the crime and that defendant was sentenced in accordance with the plea agreement to the most lenient sentence allowed by statute (see, People v Trouche, 224 AD2d 836, lv denied 88 NY2d 970).

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.