■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE R. ALICEA, Appellant. [694 NYS2d 816] —Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 7, 1998, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree.

In satisfaction of a six-count indictment charging him with varying degrees of rape and sodomy, defendant pleaded guilty to the crime of attempted sodomy in the first degree with the understanding that he would be sentenced to a prison term of 2½ to 5 years. He now appeals, contending that County Court erroneously accepted his guilty plea and that the sentence imposed in accordance with the plea agreement was harsh and excessive.

We affirm. Initially, defendant's challenge to the sufficiency of his plea allocution is unpreserved for our review since defendant neither moved to withdraw his guilty plea nor to vacate

the judgment of conviction (*see, People v Lopez,* 71 NY2d 662, 665; *People v George,* 261 AD2d 711; *People v Chappelle,* 250 AD2d 878, *lv denied* 92 NY2d 894; *People v Stockwell,* 243 AD2d 992). Moreover, a review of defendant's plea allocution reveals nothing which would cast significant doubt on defendant's guilt or otherwise warrant further inquiry by County Court into the voluntariness of defendant's plea and thus, the narrow exception to the preservation rule is inapplicable (*see, People v McElhiney,* 237 AD2d 827, *lv denied* 90 NY2d 861; *People v Rafter,* 234 AD2d 711, *lv denied* 89 NY2d 1014; *see also, People v Lopez, supra,* at 666). In any event, were we to address defendant's argument in the interest of justice we would find that the allocution sufficiently established all the elements of the crime (*see,* Penal Law §§ 110.00, 130.50 [1]; *People v Nestman,* 239 AD2d 701, *lv denied* 90 NY2d 908).

Finally, considering the offensive nature of defendant's conduct, which was committed against a 14-year-old girl, and the lack of extraordinary circumstances warranting our intervention, we find that the agreed-upon sentence was neither harsh nor excessive (*see, People v Appollonia,* 247 AD2d 770, *lv denied* 92 NY2d 847).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.