■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. BUNGER, Appellant. [701 NYS2d 921] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 15, 1999, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and attempted sodomy in the first degree.

In satisfaction of two indictments charging him with various crimes related to his alleged attack on two females, defendant pleaded guilty to the crimes of rape in the first degree and attempted sodomy in the first degree. Pursuant to the plea agreement, defendant understood that an aggregate sentence of 8 to 16 years in prison would be imposed but that the individual sentences for each conviction would not be determined until the date of sentencing. County Court ultimately sentenced defendant to concurrent prison terms of 8 to 16 years on the rape count and 3½ to 7 years on the attempted sodomy count, prompting this appeal.

Initially, defendant's challenges to the sufficiency of his plea allocution and the voluntariness of his plea are unpreserved for our review inasmuch as defendant neither moved to withdraw his guilty plea nor to vacate the judgment of conviction (see, People v Alicea, 264 AD2d 900). Even were we to consider defendant's arguments, we would find them to be without merit. Our review of the record reveals that defendant's guilty plea was knowing, voluntary and intelligent (see, People v Fernandez, 263 AD2d 673; People v Gibson, 261 AD2d 710), and that the plea allocution was legally sufficient despite defendant's failure to recite all of the elements of the crimes or his version of the events (see, People v Victor, 262 AD2d 872; People v Tyler, 260 AD2d 796, lv denied 93 NY2d 980).

Finally, we reject defendant's contention that the sentence imposed was harsh and excessive. Notwithstanding the alleged mitigating circumstances advanced by defendant, we cannot conclude that the agreed-upon sentence was harsh and excessive in light of the particularly egregious and violent nature of defendant's conduct, defendant's knowledge that he would receive the aggregate sentence ultimately imposed and the lack of extraordinary circumstances warranting our intervention (see, People v Ormsby, 242 AD2d 840, lv denied 91 NY2d 895; People v Hamilton, 192 AD2d 738).

Defendant's remaining contentions, including those asserted in his pro se submission, have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.