■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. HAIGHT, Appellant. [743 NYS2d 570] —Peters, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered May 21, 1999, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

In satisfaction of a four-count indictment, defendant entered a plea of guilty to rape in the first degree with an agreed upon determinate sentence of 12½ years. After continuing bail, defendant was warned by County Court that his failure to appear for sentencing would free the court from the parameters imposed by the plea agreement.

Defendant fled the jurisdiction and failed to appear for sentencing. He was arrested in New Jersey and returned to Tioga County. Shortly before sentencing, County Court held a conference wherein it advised counsel that it found 15 years to be an appropriate prison sentence in light of defendant's exposure to a maximum determinate prison term of 25 years.

At sentencing, defendant appeared with counsel who made no motion to withdraw the plea. Defense counsel specifically advised County Court that defendant had asked him not to make any motions on his behalf or request an adjournment of sentencing; defendant chose not to speak on his own behalf and simply relied upon those representations made at the presentence conference. Despite defendant's request, his counsel argued for the imposition of the sentence originally contemplated by the plea agreement; County Court nonetheless imposed a determinate prison sentence of 15 years. In specifically articulating its reasoning, the court noted that when the original plea negotiations took place, it was of the opinion that the matter called for a lengthier sentence. Now, no longer bound by the earlier plea agreement, it was sentencing defendant to "what * * * [he] deserve[d]" and not because he failed to appear.

Defendant made no postconviction motions, yet urges a vacatur of his guilty plea on the ground that his plea allocution was insufficient as a matter of law, that his sentence should be reduced to honor the plea agreement and that he was denied the effective assistance of counsel at the sentencing stage of the proceeding. We disagree.

By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for appellate review his challenge to the sufficiency of his plea (*see, People v Lopez*, 71 NY2d 662, 665). This lapse deprived County Court of the opportunity to address any alleged deficiency and, if necessary, to take corrective action (*see, People v Kemp*, 288 AD2d 635). Nor do we find that the matter should be addressed pursuant to the narrow exception to the preservation rule which arises when a defendant's factual recitation negates an essential element of the crime to which he pleaded (*see, People v Lopez, supra* at 666). In our view, defendant's factual recita-

tion did not cast significant doubt on his guilt or call into question the voluntariness of his plea so as to require the court to inquire further (*see, People v Kemp, supra*). Nonetheless, the court did inquire. After defendant admitted that he and a friend took an 18-year-old female to an isolated location, parked the car, removed her clothing and had sexual intercourse with her without her consent, defendant further admitted, upon questioning by the court, that he knew that the victim felt intimidated, afraid or coerced. Despite her verbal protestations clearly indicating that he knew that she did not want to have sexual intercourse with either defendant or his companion, defendant engaged in such conduct. Had we agreed that defendant's description of his conduct was insufficient to constitute forcible compulsion, we would have found defendant's responses, triggered by County Court's further inquiry, to have elicited the requisite quantum of evidence to establish both the elements of the crimes charged and the voluntariness of his plea (*see, People v Ward*, 282 AD2d 871).

Nor do we find merit in defendant's ineffective assistance of counsel claim. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel * * *" (*People v Ford*, 86 NY2d 397, 404 [citations omitted]). Here, despite defendant's requests, his counsel urged County Court to impose the lesser sentence and, despite his lack of success, still secured a favorable sentence for this absconding defendant. Upon these facts, we find it evident that counsel's representation was highly effective. Finally, we find no error in the term imposed since the court fully articulated that its determination was not based upon defendant having absconded but, rather, upon the facts presented. We have fully considered and rejected both the remaining issues properly raised and those deemed unpreserved.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.