■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. MCCORKLE, Appellant. [747 NYS2d 819] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered June 25, 2001, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), sentencing him to an indeterminate term of incarceration of 3 to 6 years, and ordering him to make restitution to the District Attorney's office of $550 in "buy" money. Defendant failed to preserve for our review his contention that the plea allocution was factually insufficient (*see People v Lopez,* 71 NY2d 662, 665-666; *see also People v Toxey,* 86 NY2d 725, 726, *rearg denied* 86 NY2d 839). In any event, defendant's contention is lacking in merit. Defendant did not raise the defense of duress during the plea colloquy, and thus County Court had no duty to make further inquiry (*see Lopez,* 71 NY2d at 665-666). Moreover, "since defendant pleaded guilty to a lesser crime than the one charged in the indictment, a factual basis for the plea was unnecessary" (*People v Hall,* 71 NY2d 1002, 1006; *see People v Clairborne,* 29 NY2d 950, 951). Defendant further contends that the court erred in its *Sandoval* and *Ventimiglia* rulings and that his guilty plea was coerced by those rulings. By pleading guilty, defendant forfeited any challenge to those rulings (*see People v Nichols,* 277 AD2d 715, 718; *People v Graham,* 261 AD2d 414, *lv denied* 93 NY2d 971; *People v Kilmer,* 228 AD2d 808, 808-809; *People v Gerber,* 182 AD2d 252, 260-261, *lv denied* 80 NY2d 1026). Further, by failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he was coerced into pleading guilty (*see People v Banner,* 291 AD2d 858; *People v Nixon,* 278 AD2d 941, *lv denied* 96 NY2d 786).

Defendant further contends that the court erred in fixing the amount of restitution without conducting a hearing. "To the extent defendant challenges the amount of the restitution or-

der as lacking record support, [his] claim is not properly before this Court for review because [he] did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (*People v Horne,* 97 NY2d 404, 414 n 3, citing *People v Callahan,* 80 NY2d 273, 281). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.