■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. HORACE, Appellant. [778 NYS2d 238]—Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 14, 2001, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to rape in the first degree and admitted having sexual intercourse with a 13-year-old girl. As part of the plea agreement, he was to be sentenced to 10 years in prison, followed by a five-year period of postrelease supervision, and an order of protection was to be entered precluding him from having contact with the victim. Defendant was sentenced as agreed and now appeals.

Initially, we note that defendant has not preserved his challenge to the voluntariness of the plea inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Haight*, 294 AD2d 659, 660 [2002], *lv denied* 99 NY2d 536 [2002]; *People v Bunger*, 269 AD2d 620, 620 [2000], *lv denied* 94 NY2d 945 [2000]). The exception to the preservation requirement is inapplicable as defendant's factual recitation did not cast significant doubt upon his guilt or call into question the voluntariness of the plea, thereby requiring County Court to make further inquiry (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Alicea*, 264 AD2d 900, 901 [1999], *lv denied* 94 NY2d 876 [2000]). In any event, even if we were we to consider defendant's claim, we would find it to be without merit.

Defendant's challenge to the severity of the sentence also is unavailing. Contrary to his claim, defendant's own admission establishes that the sexual intercourse was not consensual and the presentence investigation report, containing a victim impact statement from a friend of the victim, reveals that both girls were traumatized by defendant's acts. Under the circumstances presented, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Bunger, supra* at 620).

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.