THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. CONDES, Appellant. [805 NYS2d 753]—

Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered October 15, 2004. The judgment convicted defendant, upon his plea of guilty, of unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, rape in the first degree (four counts), criminal sexual act in the first degree (three counts), attempted assault in the second degree, aggravated sexual abuse in the first degree (two counts), assault in the third degree and attempted aggravated sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, unlawful imprisonment in the first degree (Penal Law § 135.10) and four counts of rape in the first degree (§ 130.35 [1]). Following opening statements by the People and defense counsel at trial, defendant entered a plea of guilty. He thus forfeited his present challenge to County Court's *Sandoval* ruling (*see People v McCorkle*, 298 AD2d 848 [2002], *lv denied* 99 NY2d 561 [2002]; *People v Nichols*, 277 AD2d 715, 718 [2000]; *People v Kilmer*, 228 AD2d 808 [1996]).

We reject defendant's contention that the court erred in failing to remove a sworn juror, thereby denying defendant his rights to due process and a fair trial. We note that defendant's contention is properly before us despite the fact that defendant pleaded guilty after jury selection and opening statements (*see generally People v Hansen*, 95 NY2d 227, 230-231 [2000]). Pursuant to CPL 270.35 (1), "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case . . ., the court must discharge such juror." "In concluding that a juror is grossly unqualified, the court may not speculate as to possible partiality of the juror based on [his or] her equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent [him or] her from rendering an impartial verdict" (*People v Buford*, 69 NY2d 290, 299 [1987]). Here, the court questioned the sworn juror in chambers and, upon ascertaining that the juror's casual acquaintance with a witness years earlier would not affect the juror's ability to be fair and impartial, the court properly determined that the juror was not "grossly unqualified" to continue serving (CPL 270.35 [1]; *see*

*People v Booker*, 282 AD2d 201 [2001], *lv denied* 96 NY2d 916 [2001]; *People v Davis*, 248 AD2d 632 [1998], *lv denied* 92 NY2d 850 [1998]). Finally, the sentence, which was less than the maximum allowable, is not unduly harsh or serve. Present— Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.