■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ESPINOZA-AGUILAR, Appellant. [806 NYS2d 271]—

Kane, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 29, 2004, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant, an illegal immigrant from Mexico, was charged in an indictment with four counts of rape in the first degree after he had sexual intercourse with a 12-year-old girl. During all of the court proceedings, defendant was provided with the assistance of a Spanish-speaking interpreter. He ultimately pleaded guilty to one count of rape in the first degree in full satisfaction of the indictment. Under the terms of the plea agreement, he was to be sentenced to no more than 15 years in prison, to be followed by a five-year period of postrelease supervision. He was, in fact, sentenced to 15 years in prison and five years of postrelease supervision and he now appeals.

Initially, inasmuch as defendant neither moved to withdraw his plea nor to vacate the judgment of conviction, his challenge to the voluntariness of his plea is not preserved for our review (*see People v Horace,* 8 AD3d 752, 752 [2004], *lv denied* 3 NY3d 675 [2004]; *People v Alicea,* 264 AD2d 900 [1999], *lv denied* 94 NY2d 876 [2000]). The statements made by defendant during his plea allocution did not cast significant doubt upon his guilt such as to present an exception to the preservation requirement (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v MacCue,* 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]). In any event, even if we were to address the merits, the fact that de-

fendant communicated his responses through a Spanish-speaking interpreter does not establish that his plea was involuntary on the record before us.

Defendant's challenge to the severity of his sentence is also unavailing. Notwithstanding his lack of a criminal record, defendant admitted that he repeatedly had sexual intercourse with the victim, who was his girlfriend's niece, over a period of time without regard to her age. In view of this, as well as the fact that defendant was sentenced in accordance with the plea agreement, we find no extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see e.g. People v Horace, supra* at 752; *People v Paige,* 289 AD2d 872, 874 [2001], *lv denied* 97 NY2d 759 [2002]).

Crew III, J.P., Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.