■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SULEIMAN M. BADMAXX, Appellant. [932 NYS2d 381]–

In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. Under the terms of the plea agreement, he was to be sentenced to four years in prison, to be followed by two years of postrelease supervision. Defendant was sentenced accordingly and he now appeals.

Defendant's sole contention is that the sentence is harsh and excessive. We disagree. The record discloses that defendant faced a much longer sentence if convicted after trial, and he entered into the plea agreement for the very purpose of minimizing his exposure. In view of this, and given defendant's criminal history and involvement in bringing large quantities of narcotic drugs into Washington County from New York City, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see*

*People v Aubrey*, 73 AD3d 1393, 1394 [2010], *lv denied* 16 NY3d 893 [2011]; *People v Murray*, 58 AD3d 1073, 1076 [2009], *lv denied* 12 NY3d 786 [2009]; *People v Martin*, 52 AD3d 943 [2008], *lv denied* 11 NY3d 791 [2008]).

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.