1174

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QWALI WILLIAMS, Appellant. [959 NYS2d 551]—

Peters, P.J.

We affirm. Initially, defendant's claim that the indictment should be dismissed based upon the People's failure to honor his request to appear before the grand jury was waived by his guilty plea (*see People v Johnson*, 97 AD3d 990, 991 [2012]; *People v Chappelle*, 250 AD2d 878, 878-879 [1998], *lv denied* 92 NY2d 894 [1998]; *People v Empey*, 242 AD2d 839, 839 [1997], *lv denied* 91 NY2d 834 [1997]). Further, inasmuch as the record before us does not indicate that defendant moved to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness of his plea has not been preserved for our review and the narrow exception to the preservation rule is not applicable, as nothing in the plea allocution cast doubt on his guilt or negated an essential element of the crime (*see People v DeJesus*, 96 AD3d 1295, 1295 [2012]; *People v Clemons*, 96 AD3d 1086, 1087 [2012], *lv denied* 19 NY3d 1101 [2012]). Similarly, defendant's claim of ineffective assistance of counsel is unpreserved by his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Doe*, 95 AD3d 1449, 1449 [2012], *lv denied* 19 NY3d 995 [2012]; *People v Burnett*, 93 AD3d 993, 993 [2012]). Finally, with regard to defendant's claim that his sentence is harsh and excessive, considering defendant's criminal history and mindful that he agreed to the sentence imposed, we find no extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Lasanta*, 89

AD3d 1324, 1324 [2011]; *People v Badmaxx*, 89 AD3d 1243, 1243 [2011], *lv denied* 18 NY3d 881 [2012]).

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.