# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**537**

**KA 13-01617**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TIMOTHY INGRAM, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MEGAN P. DADD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 18, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while ability impaired by drugs, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, aggravated unlicensed operation of a motor vehicle in the first degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4-a]; 1193 [1] [c] [i]). Inasmuch as defendant entered a plea of guilty, he "forfeited his present challenge to County Court's *Sandoval* ruling" (*People v Condes*, 23 AD3d 1149, 1150, *lv denied* 6 NY3d 774; *see People v Johnson*, 104 AD3d 705, 706). Contrary to defendant's contention, the plea colloquy demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal (*see People v Kosty*, 122 AD3d 1408, 1408, *lv denied* 24 NY3d 1220; *People v Estevez-Santos*, 114 AD3d 1174, 1175, *lv denied* 23 NY3d 1019). Although defendant's further contention that his plea was not voluntarily, knowingly, and intelligently entered because he gave inconsistent information concerning when he ingested the drugs on the day of the incident survives his waiver of the right to appeal, he failed to preserve that contention for our review (*see People v Davis*, 45 AD3d 1357, 1357-1358, *lv denied* 9 NY3d 1005). In any event, defendant's contention lacks merit. After defendant indicated that he took the drugs in the morning, well before this accident, the court asked him further questions about the drugs he took and when he took them. In

response, defendant admitted that he ingested several drugs closer to the time that he operated the vehicle, and he admitted that he was under the influence of those drugs when he drove the vehicle off the road and struck a house (*see* Vehicle and Traffic Law § 1192 [4-a]). Thus, "the court conducted an inquiry that 'was sufficient to ensure that the plea was voluntary' " (*People v Zuliani*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894).

Finally, defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).