People v Perez (2018 NY Slip Op 08960)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Perez

2018 NY Slip Op 08960

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07117
(Ind. No. 7836/14)

[*1]The People of the State of New York, respondent,
vAlfredo Perez, appellant.

Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered June 23, 2016, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of his right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Williams, 149 AD3d 986; People v Lumpkins, 11 AD3d 563; People v Magnano, 158 AD2d 979, affd 77 NY2d 941). In any event, the defendant's contention is without merit (see CPL 320.10[2]; People v Badden, 13 AD3d 463; People v Brunson, 307 AD2d 323, 324; People v Jones, 293 AD2d 627, 628; People v Soyouzov, 235 AD2d 439). We agree with the Supreme Court's determination that the defendant's waiver was knowing, intelligent, and voluntary (see People v Smith, 6 NY3d 827, 828).
The defendant contends that a recording of a 911 emergency telephone call made by the complainant should not have been admitted into evidence at trial because the recorded statements were hearsay. This contention is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit, as the 911 call falls within the excited utterance and present sense impression exceptions to the rule against hearsay (see People v Buie, 86 NY2d 501, 511; People v Brown, 80 NY2d 729, 734; People v Quinn, 138 AD3d 889, 890; People v Maitland, 136 AD3d 1058; People v Clarke, 101 AD3d 897, 898).
The defendant contends that excerpts of a telephone call he made to his girlfriend while detained on Rikers Island Correctional Facility should not have been admitted into evidence. He contends that because he did not consent to the content of the calls being used by the prosecution at trial, his Fourth Amendment rights were violated. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Daniels, 140 AD3d 1083). In any event, this contention is without merit. The defendant impliedly consented to the monitoring and recording of his telephone conversations by using the prison telephones despite being notified that such calls were being monitored and recorded. Given these notifications, it was unreasonable for the defendant to presume [*2]an expectation of privacy regarding the content of those conversations (see People v Diaz, 149 AD3d 974, 975-976; see also People v Jackson, 125 AD3d 1002, 1003-1004).
The defendant was not denied the effective assistance of counsel. Viewed in totality, the defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court