■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VASALKA, Appellant. [614 NYS2d 206] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered September 23, 1991, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the police officers were justified in detaining the defendant until the witness to the crime could arrive for the purpose of making an identification (see, People v Hicks, 68 NY2d 234; People v Bedoya, 190 AD2d 812; People v McLaughlin, 132 AD2d 712). When the witness failed to identify the defendant or his companion as the assailant, they were both released.

The hearing court found that when detectives stopped the defendant early the following morning, the defendant agreed to accompany them back to the station house. The court's determination in this regard is supported by the record, and we find no basis for disturbing it (see, People v Prochilo, 41 NY2d 759; People v Boone, 183 AD2d 721). The hearing court, therefore, properly denied the defendant's motion to suppress

his statements to the detectives at the station house *(see, People v Rogers,* 52 NY2d 527; *People v Dyla,* 142 AD2d 423).

The sentence that was imposed does not constitute cruel and unusual punishment in violation of constitutional limitations *(see,* NY Const, art I, § 5; US Const 8th Amend; *People v Adams,* 194 AD2d 680; *People v Boatwright,* 159 AD2d 510), nor is it unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Copertino, Pizzuto and Santucci, JJ., concur.