■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIM NEGRON, Appellant. [730 NYS2d 463] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 16, 1999, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the third degree.

Following the commencement of a suppression hearing and presentation of the People's first witness, defendant pleaded guilty to two counts of burglary in the third degree and waived

his right to appeal in satisfaction of a four-count indictment. Defendant was sentenced in accordance with the plea agreement to consecutive prison terms of 1½ to 4½ years. Defendant appeals, contending that his plea was involuntary due to ineffective assistance of counsel at the suppression hearing.

Although defendant's waiver of his right to appeal does not preclude our review of the claims regarding the effective assistance of counsel or the voluntariness of his guilty plea (see, People v Ellis, 268 AD2d 895, 896, lv denied 95 NY2d 796), given defendant's failure to either move to vacate the judgment of conviction or to withdraw his guilty plea he has failed to preserve such issues for our review (see, People v Smith, 263 AD2d 676, lv denied 93 NY2d 1027; People v Depta, 257 AD2d 916, lv denied 93 NY2d 923).

Were we to consider defendant's contentions, we would find them to be without merit. Defendant's assertion that defense counsel's "abridged" cross-examination of the initial witness called at the suppression hearing forced him to enter into a guilty plea is unpersuasive, especially in light of the favorable plea bargain received by defendant (see, People v Gibson, 261 AD2d 710). Furthermore, notwithstanding defendant's contention to the contrary, there is nothing in the record to cast doubt on the voluntariness of defendant's plea or that he received anything other than meaningful representation (see, People v Lindsey, 283 AD2d 782; People v Ferreri, 271 AD2d 805, lv denied 95 NY2d 834).

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.