■ The People of the State of New York, Respondent, v Gregory Pelton, Appellant. [733 NYS2d 654] —Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 21, 1999, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In satisfaction of a three-count indictment, defendant entered a plea of guilty to felony murder for his admitted role in the July 3, 1999 stabbing death of Christopher Ryan during the course of a robbery in the City of Albany. Defendant also waived his right to appeal as part of the plea agreement. At the time that he entered the plea, his mother was present and he was represented by counsel. At sentencing, defendant claimed that, although he was present when the stabbing occurred and possessed a knife, he did not participate in the stabbing. Defendant did not, however, move to withdraw his plea. County Court imposed the agreed-upon minimum possible prison term of 15 years to life. Defendant appeals, and we affirm.

While defendant's waiver of the right to appeal does not preclude our review of his claims regarding the voluntariness of his guilty plea and the effective assistance of counsel as it impacted on the voluntariness of his plea (*see, People v Seaberg*, 74 NY2d 1; *People v Johnson*, 288 AD2d 501; *People v Mingues*, 256 AD2d 657, *lv denied* 93 NY2d 974), the claims have not been preserved for appellate review in light of defendant's failure to move either to vacate the judgment of conviction or to withdraw his guilty plea (*see, People v Negron*, 286 AD2d 824; *People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027).

In any event, the record discloses that County Court conducted a thorough plea allocution appropriate to defendant's age, apprising him of the rights he was relinquishing, the terms of the plea agreement and the consequences of a guilty plea, and that defendant entered a knowing and voluntary plea, including detailed factual admissions which contained nothing to cast doubt on his guilt (*see, People v Ward*, 282 AD2d 871;

*People v Ramsey*, 280 AD2d 781, *lv denied* 96 NY2d 805). Defendant also acknowledged during the plea that he had ample opportunity to consult with counsel and was satisfied with the services of counsel, who had engaged in extensive plea negotiations which resulted in a favorable plea bargain. Defendant makes no claim that what he now perceives as counsel's lack of preparation played any role in the decision to plead guilty. In any event, the claim is based on facts outside the record (*see*, *People v Pagan*, 284 AD2d 651, *lv denied* 96 NY2d 922).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.