■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LOADHOLT, Appellant. [741 NYS2d 922] —Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 1, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In satisfaction of an indictment charging him with criminal possession of a controlled substance in the first degree, and in satisfaction of other related charges, defendant entered a plea of guilty of criminal possession of a controlled substance in the second degree with the understanding that he would be sentenced to a prison term of 7½ years to life. The record also reflected that, as a result of defendant's plea, his girlfriend, an unindicted coconspirator, would be permitted to plead to a crime that would allow a split sentence of imprisonment and probation. During the plea, defendant acknowledged that he was waiving the right to appeal. Sentenced in accordance with the plea bargain, defendant appeals, claiming that his plea was coerced and that his sentence is excessive.

"Although defendant's waiver of the right to appeal does not in and of itself preclude appellate review of the voluntariness of his plea * * * the issue was not preserved by a motion to withdraw the plea or to vacate the judgment of conviction * * *" (*People v Bolden*, 287 AD2d 883, 883, *lv denied* 97 NY2d 654 [citations omitted]). Nor does the record contain anything which would trigger the exception to the preservation rule by casting significant doubt on the voluntariness of defendant's plea (*see, People v Lopez*, 71 NY2d 662, 666), even in light of the special concern required by the connection between defendant's plea and the leniency accorded to his girlfriend (*see, People v Fiumefreddo*, 82 NY2d 536). With regard to defendant's challenge to the severity of the sentence, it is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733). In any event, the record discloses neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant a modification of the sentence in the interest of justice (*see, People v O'Byrne*, 262 AD2d 867, *lv denied* 93 NY2d 1024).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.