■ The People of the State of New York, Respondent, v Ronald M. King, Appellant. [751 NYS2d 54] —Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 13, 2001, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to the crime of burglary in the third degree in full satisfaction of all other criminal charges pending against him. He executed a written waiver of his right to appeal and was sentenced to time served in jail and five years' probation. Defendant now appeals.

Initially, we note that inasmuch as defendant did not move to withdraw his guilty plea or vacate the judgment of conviction, his challenge to the voluntariness of his guilty plea has not been preserved for our review (*see People v Fulford*, 296

AD2d 661, 662; *People v Teague*, 295 AD2d 813, 813). Although defendant asserts that he failed to articulate the necessary factual elements of the crime during the plea colloquy thereby casting doubt on his guilt, our review of the plea minutes discloses that the allocution was sufficient and, consequently, the narrow exception to the preservation rule is not applicable (*see People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, 288 AD2d 635, 636). Notably, in allocuting to the crime of burglary in the third degree, defendant stated that he entered an apartment without permission with the intent to commit a crime. Moreover, the plea minutes disclose that County Court advised defendant of the ramifications of pleading guilty and he responded that he understood them, including the effect of executing a waiver of the right to appeal, which was explained to him by his attorney. Defendant further indicated that he was not forced to enter a plea and was not under the influence of any drugs or medication. Under these circumstances, we find that the plea and waiver were knowing, voluntary and intelligent (*see People v Teague, supra* at 814; *People v Pelton*, 289 AD2d 697, 697-698, *lv denied* 97 NY2d 732).

In addition, our review of that aspect of defendant's ineffective assistance of counsel claim premised upon the alleged involuntariness of his guilty plea, although not precluded by defendant's waiver of the right to appeal, is also not preserved given defendant's failure to make the appropriate motion to withdraw the plea or vacate the judgment of conviction (*see People v Clifford*, 295 AD2d 697, 697, *lv denied* 98 NY2d 709; *People v Pelton, supra* at 697). The remaining aspect of this claim, however, is encompassed by his knowing, voluntary and intelligent waiver of the right to appeal (*see People v Sayles*, 292 AD2d 641, 642, *lv denied* 98 NY2d 681; *People v Almonte*, 288 AD2d 632, 633, *lv denied* 97 NY2d 726). In any event, the record does not support defendant's assertion that he was denied meaningful representation by his counsel's alleged failure to properly investigate and pursue potential defenses (*see People v Cleveland*, 281 AD2d 815, 816, *lv denied* 96 NY2d 900).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.