■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YOUNG, Appellant. [753 NYS2d 233] —Kane, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 12, 2001, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant was charged with burglary in the third degree after he broke into a convenience store in the City and County of Schenectady, taking cigarettes and cash. He ultimately pleaded guilty to that charge and waived his right to appeal. In accordance with the plea agreement, he was sentenced as a second felony offender to a prison term of 3½ to 7 years and was ordered to pay restitution. Defendant now appeals.

Defendant initially asserts that his guilty plea was not knowing, voluntary or intelligent because it was induced by the false representation that he would be eligible to participate in a drug treatment program as an alternative to incarceration. The record discloses that while County Court offered defendant the opportunity to make a motion to withdraw his plea based upon this alleged misrepresentation, he declined to do so and did not move to set aside the judgment of conviction. Therefore, his challenge to the voluntariness of the plea is not preserved for our review (*see People v King*, 299 AD2d 661, 661; *People v Collins*, 298 AD2d 715, 715). Nevertheless, were we to consider it, we would find it to be without merit. The minutes of the plea proceedings reveal that County Court set forth on the record the terms of the plea agreement, specifically informing defendant that he would receive a state prison sentence of 3½ to 7 years, and he responded that he understood these terms. Defendant further stated that he understood the rights he was waiving by entering a plea, he was not under the influence of drugs or alcohol and he was entering the plea of his own free will. Although defendant contends that the initial plea offer included his participation in a drug treatment program, this option was not available due to his conviction of burglary in the third degree and was not part of the final offer communicated to, and ultimately accepted by, defendant. Under these circumstances, we find that the plea was knowing, voluntary and intelligent.

Defendant's claim of ineffective assistance of counsel based upon the alleged involuntariness of his plea is likewise not preserved for our review given his failure to make the appropriate motions (*see People v King, supra* at 662; *People v Clifford*, 295 AD2d 697, 698, *lv denied* 98 NY2d 709). Nevertheless, were we to consider it, we would find it unpersuasive because the record as a whole discloses that defendant was provided meaningful representation even if there was some miscommunication during the initial stage of the plea negotiations concerning the sentence (*see People v Baldi*, 54 NY2d 137). Lastly, defendant's challenge to the severity of the sentence is encompassed by his voluntary waiver of the right to appeal (*see People v Ackerley*, 297 AD2d 861, 862; *People v Lopez*, 295 AD2d 701, 702). In any event, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v Chester*, 297 AD2d 862; *People v Loadholt*, 294 AD2d 751, *lv denied* 98 NY2d 711).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.