■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. BIER, Appellant. [762 NYS2d 840] —Spain, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 24, 2002, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant was charged with various drug-related crimes following three incidents, one in which he sold heroin to a confidential informant and two in which he and another individual sold heroin to undercover police. Defendant was represented by the Public Defender's office and entered a plea of not guilty to the charges. Thereafter, by letter, the Public Defender's office requested that County Court assign new

counsel to represent defendant due to an unspecified conflict of interest but, following a letter from the District Attorney, County Court sent a letter to both sides reflecting that the request had been withdrawn. Defendant, represented by an Assistant Public Defender, proceeded to plead guilty to criminal sale of a controlled substance in the fifth degree in full satisfaction of the indictment and any charges which could be brought against him as of the date of the plea proceedings; he also waived his right to appeal. In accordance with the plea agreement, defendant was sentenced as a second felony offender to $3\frac{1}{2}$ to 7 years in prison, and now appeals.

Initially, defendant's claim that he was denied the effective assistance of counsel due to a conflict of interest is foreclosed by his knowing, voluntary and intelligent waiver of the right to appeal, as this claim is not premised upon the alleged involuntariness of his plea (*see People v Camp*, 302 AD2d 629, 630 [2003]; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]; *compare People v Abar*, 290 AD2d 592 [2002], *affd* 99 NY2d 406 [2003]). Moreover, "defendant's failure to make a motion to withdraw the plea or vacate the judgment of conviction precludes him from raising it" (*People v Camp, supra* at 630; *see People v King, supra* at 662).

In any event, considering this claim, we find it to be without merit. In order to prevail on a claim of ineffective assistance of counsel based upon a conflict of interest, the "defendant must demonstrate that 'the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict 'operated on' counsel's representation" (*People v Longtin*, 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]; *see People v Harris*, 99 NY2d 202, 210 [2002]). Here, the basis for the Public Defender's request for the assignment of new counsel is not in the record, although we can deduce that it was based upon a perceived conflict of interest arising from its representation of the individual with whom defendant allegedly acted in concert in selling heroin to undercover police. Following a letter from the District Attorney stating that this individual had not been charged and was represented by another attorney, the Public Defender's office withdrew its request, evidently because it was not representing the other individual. The only development in the case at this point had been the entry of defendant's not guilty plea. The record discloses that thereafter, the Public Defender's office made appropriate motions, engaged in proper pretrial discovery and secured a favorable plea bargain. Therefore, although it would have been preferable if the issue

had been addressed and resolved on the record, we conclude that no conflict is demonstrated, the conflict alleged did not inhibit counsel's meaningful representation of defendant, and County Court was not required to conduct a further inquiry (*see People v Harris, supra* at 211-212).

Moreover, defendant's waiver of appeal also precludes his challenge to the severity of the sentence (*see People v Fulford*, 296 AD2d 661, 661 [2002]; *People v Buckner*, 274 AD2d 832, 833-834 [2000], *lv denied* 95 NY2d 904 [2000]). In any event, no abuse of discretion or extraordinary circumstances exist to warrant modification of this negotiated sentence in the interest of justice (*see People v Allen*, 301 AD2d 874, 875-876 [2003], *lv denied* 99 NY2d 652 [2003]; *People v Young*, 301 AD2d 754, 755 [2003], *lv denied* 99 NY2d 634 [2003]).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.