■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ACTIVE APPLIANCE CORP., RELIANCE APPLIANCE, INC., and LORI A. CASS, Appellants. [762 NYS2d 892] —Appeals by the defendants from three judgments (one as to each defendant) of the County Court, Suffolk County (Farneti, J.), all rendered July 15, 2002, convicting each of the defendants of scheme to defraud in the first degree, upon their pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendants' contention, their pleas of guilty were knowingly, voluntarily, and intelligently made (*see People v Harris,* 61 NY2d 9 [1983]).

The defendants' waivers of the right to appeal precludes review of their contention that they were denied effective assistance of counsel, except to the extent that it affected the voluntariness of their pleas (*see People v Herring,* 274 AD2d 525, 526 [2000]). Contrary to the defendants' contention, their pleas of guilty were not the product of an improper conflict of interest by reason of defense counsel's prior representation of the husband of the defendant Lori Cass in unrelated matters (*see People v Abar,* 99 NY2d 406 [2003]). The defendants failed to show that "the conduct of [their] defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Abar, supra* at 409 [internal quotation marks omitted]).

Accordingly, the County Court properly denied the defendants' motion to vacate their pleas of guilty. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.