■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN OTTO ESCOBEDO, Appellant. [775 NYS2d 594]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered February 27, 2002, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal does not encompass his contention that ineffective assistance of counsel affected the voluntariness of his plea (*see People v Demosthene,* 2 AD3d 874 [2003]; *People v Active Appliance Corp.,* 307 AD2d 932 [2003], *lv denied* 100 NY2d 640 [2003], *cert denied* — US —, 124 S Ct 1714 [2004]; *People v Miller,* 306 AD2d 294 [2003]; *People v Herring,* 274 AD2d 525 [2000]). However, the defendant's claim that his plea was involuntary is unpreserved for appellate review because he never moved to withdraw his plea or vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662 [1988]; *People v Thompson,* 4 AD3d 785 [2004]; *People v Vatore,* 303 AD2d 607 [2003]; *People v Patterson,* 290 AD2d 568 [2002]; *People v Negron,* 286 AD2d 824 [2001]). In any event, contrary to the defendant's contention, the record demonstrates that defense counsel's performance at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) satisfied the meaningful representation standard (*see People v Ellis,* 81 NY2d 854 [1993]; *People v Satterfield,* 66 NY2d 796 [1985]; *People v Baldi,* 54 NY2d 137 [1981]), and did not affect the voluntariness of the defendant's plea (*see People v Williams,* 305 AD2d 1023 [2003]; *People v Lebrun,* 234 AD2d 392 [1996]). Krausman, J.P., Luciano, Adams and Cozier, JJ., concur.