■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SLOANE, Appellant. [785 NYS2d 538]—Appeal by the defendant from a judgment of the County Court, Westchester County (Molea, J.), rendered January 30, 2002, convicting him of criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit the withdrawal of a plea of guilty rests within the sound discretion of the court (see CPL 220.60 [3]; People v Raymond, 3 AD3d 587 [2004]; People v Scott, 2 AD3d 884 [2003]). The defendant's plea was knowingly, voluntarily, and intelligently made (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 17 [1983]). Additionally, the defendant's allegations of coercion are belied by the record. Under the circumstances, the court properly denied the motion to withdraw the plea without a hearing (see People v Abney, 10 AD3d 617 [2004]; People v Kessler, 5 AD3d 504 [2004]).

The defendant's claims of ineffective assistance of counsel are contradicted by the record. Moreover, the defendant acknowledged during the plea proceeding that he was satisfied with his attorney's representation (see People v LaFurno, 8 AD3d 498, 499 [2004]; People v Weekes, 289 AD2d 599 [2001]).

The defendant's waiver of his right to appeal forecloses appellate review of his challenge to the denial of that branch of his omnibus motion which was to suppress physical evidence (see People v Kemp, 94 NY2d 831 [1999]; People v McClane, 7 AD3d 641 [2004]; People v Malik, 6 AD3d 461 [2004], lv denied 3 NY3d 677 [2004]).

Contrary to the defendant's contention, the indeterminate sentence imposed did not subject him to postrelease supervision (see Penal Law § 70.45 [2]). Santucci, J.P., S. Miller, Smith, Cozier and Fisher, JJ., concur.