■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE PEOPLES, Appellant. [807 NYS2d 301]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 2, 2002, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Lynn W. L. Fahey is relieved as the attorney for the defendant and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Box 287356, Yorkville Station, New York, N.Y. 10128, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are potentially nonfrivolous issues to be raised concerning, inter alia, whether the Supreme Court erred in denying the defendant's motion to withdraw his plea (*see People v Fiumefreddo,* 82 NY2d 536 [1993]; *People v Sloane,* 13 AD3d 400 [2004]). Consequently, the assignment of new counsel is warranted (*see Anders v California, supra*; *People v Stokes,* 95 NY2d 633 [2001]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.