■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVY SHERRILL, Appellant. [810 NYS2d 372]—Appeal by the defendant from a judgment of the County Court, Westchester County (DiFiore, J.), rendered July 29, 2004, convicting her of robbery in the first degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived her right to appeal. Her waiver thus encompassed her right to challenge her sentence as excessive (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Castagna,* 18 AD3d 475 [2005]; *People v Jones,* 17 AD3d 484 [2005]; *People v Spavone,* 16 AD3d 525 [2005]; *People v Iorio,* 276 AD2d 564, 564-565 [2000]). The defendant's contention that the sentence imposed constituted cruel and unusual punishment (*see* US Const, 8th Amend; NY Const, art I, § 5) is unpreserved for appellate review (*see People v Rosario,* 22 AD3d 871 [2005]; *People v Gomez,* 277 AD2d 250 [2000]), and is without merit in any event (*see People v Vasalka,* 204 AD2d 581, 582 [1994]).

Although the defendant's waiver of her right to appeal did not encompass her contention that ineffective assistance of counsel rendered her plea involuntary (*see People v Escobedo,* 7 AD3d 539 [2004]; *People v Demosthene,* 2 AD3d 874 [2003]), she nonetheless failed to preserve that issue for appellate review by a timely motion to withdraw her plea (*see People v Garcia-Santo,* 24 AD3d 467 [2005]; *People v Escobedo, supra*). In any event, the record does not support the defendant's claim that she was denied the effective assistance of counsel (*see People v Garcia-Santo, supra; People v Velazquez,* 21 AD3d 388 [2005]), particularly in light of her statement during her plea allocution that she was satisfied with the representation provided by her attorney (*see People v Cobb,* 19 AD3d 506 [2005]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.