■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL MACK, Appellant. (Appeal No. 1.) [817 NYS2d 847]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 10, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In these three appeals, defendant appeals from judgments convicting him upon his plea of guilty of, respectively, two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), one count of burglary in the third degree (§ 140.20), and one count of attempted arson in the third degree (§§ 110.00, 150.10 [1]). Defendant contends that he was denied effective assistance of counsel with respect to each judgment of conviction based on defense counsel's alleged failure to advise him that the maximum sentence under the plea agreement would be a determinate rather than an indeterminate sentence. To the extent that defendant's contention survives the plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]; *People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]). Although defense counsel apparently was unaware that County Court would be imposing a determinate sentence, the record nevertheless establishes that defense counsel negotiated a highly favorable plea that resulted in concurrent sentences rather than the several consecutive sentences that could have been imposed (*see Brown*, 305 AD2d at 1069). Contrary to the further contention of defendant, the record establishes that his waiver of the right to appeal was knowingly, voluntarily and intelligently entered (*see generally People v Kemp*, 94 NY2d 831, 833 [1999]). That general waiver encompasses defendant's contention concerning the severity of the sentence (*see generally People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Hurlbutt, J.P., Kehoe, Gorski, Green and Pine, JJ.