■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN GEDIN, Appellant. [847 NYS2d 231]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered November 30, 2001, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court" (*People v Levy*, 39 AD3d 670 [2007]; *see* CPL 220.60 [3]; *People v Gutierrez*, 35 AD3d 883 [2006]; *People v Taylor*, 17 AD3d 491 [2005]; *People v Sloane*, 13 AD3d 400 [2004]). The defendant's claim that his plea of guilty was coerced as a result of the alleged ineffectiveness of his trial counsel is belied by his statements during the plea proceedings, when he acknowledged, inter alia, that he was satisfied with his counsel's representation, that he had not been coerced into pleading guilty, and that he was doing so of his own free will (*see People v Gutierrez*, 35 AD3d 883 [2006]; *People v Farley*, 34 AD3d 1229, 1229-1230 [2006]; *People v Taylor*, 17 AD3d 491 [2005]; *People v Sloane*, 13 AD3d 400 [2004]; *People v Robertson*, 2 AD3d 756 [2003]). Moreover, the defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Dixon*, 41 AD3d 861, 862 [2007], *lv denied* 9 NY3d 922 [2007]). As indicated, the plea was know-

ingly, voluntarily, and intelligently made. Accordingly, the County Court providently exercised its discretion in denying, without a hearing, the defendant's application to withdraw his plea of guilty. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.