— Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered September 21, 2006, convicting him of burglary in the second degree (three counts), upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
“ ‘A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court’ ” (People v Gedin, 46 AD3d 701, 701 [2007], quoting People v Levy, 39 AD3d 670, 671 [2007]; see CPL 220.60 [3]; People v Gutierrez, 35 AD3d 883 [2006]; People v Taylor, 17 AD3d 491 [2005]; People v Sloane, 13 AD3d 400 [2004]). The defendant’s plea was knowingly, voluntarily, and intelligently made (see People v Gedin, 46 AD3d at 701-702; People v Gutierrez, 35 AD3d at 883; People v Sloane, 13 AD3d at 400). The defendant’s contention that his plea of guilty was *493 coerced is belied by the record (see People v Gedin, 46 AD3d at 701; People v Gutierrez, 35 AD3d at 883; People v Sloane, 13 AD3d at 400).
“[T]he defendant’s waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea” (People v Gedin, 46 AD3d at 701; see People v Dixon, 41 AD3d 861, 862 [2007]). The defendant failed to establish that he was denied the effective assistance of counsel in the plea negotiating process and at his plea allocution. The defendant’s attorney assisted him in obtaining a favorable plea which limited the defendant’s term of imprisonment to concurrent terms and satisfied several other charges (see People v Brooks, 36 AD3d 929, 930 [2007]; People v Grimes, 35 AD3d 882, 883 [2006]; People v Mack, 31 AD3d 1197, 1198 [2006]; People v Miller, 17 AD3d 931, 932 [2005]), and the defendant stated at the plea allocution that he was satisfied with his appointed counsel’s representation (see People v Sherrill, 27 AD3d 588 [2006]; People v Miller, 17 AD3d at 932; People v Sloane, 13 AD3d at 400; People v Weekes, 289 AD2d 599, 599 [2001]). Additionally, the defendant’s attorney did not take a position adverse to his client so as to create a conflict of interest between the two (see People v Turner, 23 AD3d 503, 504 [2005]). Moreover, as indicated, the defendant’s plea was knowingly, voluntarily, and intelligently made.
The defendant’s valid waiver of his right to appeal precludes review of his challenge to the sentence as excessive (see People v Gallo, 54 AD3d 964 [2008]; People v Lopez, 6 NY3d 248 [2006]).
The defendant’s remaining contention is without merit. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.