THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUART, Appellant. [956 NYS2d 69]—

If "after a conscientious examination of the record" assigned counsel finds a case to be "wholly frivolous," counsel should "so advise the court and request permission to withdraw" (*People v Saunders*, 52 AD2d 833, 833 [1976]; *see Anders v California*, 386 US 738, 744 [1967]; *People v Stokes*, 95 NY2d 633, 637 [2001]). "Such request should be accompanied by a brief reciting the underlying facts and highlighting anything in the record that might arguably support the appeal" (*People v Saunders*, 52 AD2d at 833; *see Anders v California*, 386 US at 744; *People v Stokes*, 95 NY2d at 637; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Here, the *Anders* brief filed by assigned counsel contained no reference whatsoever to the plea and sentencing proceedings with respect to the judgment rendered April 1, 2009, convicting the defendant of attempted use of a child in a sexual performance under superior court information No. 553/09, and merely referred to the defendant's plea of guilty to attempted use of a child in a sexual performance under indictment No. 2799/10 and to his admission of violating the terms or conditions of his probation. Moreover, counsel failed to address the arguments made by the parties regarding the defendant's motion to withdraw his plea of guilty prior to the imposition of the sentences on January 25, 2011.

In addition, based upon an independent review of the record, we conclude that there are nonfrivolous issues to be raised concerning, inter alia, whether the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (*see People v Graves*, 92 AD3d 799, 800 [2012]; *People v Peoples*, 24 AD3d 689 [2005]; *People v Sloane*, 13 AD3d 400 [2004]). Consequently, the assignment of new counsel is warranted (*see Anders v California*, 386 US 738 [1967]; *People v Stokes*, 95 NY2d 633 [2001]). Mastro, J.P., Skelos, Chambers and Sgroi, JJ., concur.