◼ The People of the State of New York, Respondent, v Gary Heller, Appellant. [961 NYS2d 583]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated April 6, 2012, which, after a hearing, designated him a level three sex offender, a sexually violent felony offender, and a predicate sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Robert C. Mitchell for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., 626 RXR Plaza, West Tower, 6th Floor, Uniondale, N.Y. 11556, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcripts of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated June 14, 2012, the defendant's motion for leave to prosecute the appeal as a poor person was denied as unnecessary, as the appellant was granted leave to proceed as a poor person in the County Court and, pursuant to Correction Law § 168-n (3), his status as a poor person and the counsel assigned to represent him before the County Court, Suffolk County, continues on appeal, and it was ordered that the appeal would be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The defendant appeals from an order designating him a level three sex offender, a sexually violent felony offender, and a predicate sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). The brief submitted by the appellant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to contain an adequate statement of facts, fails to discuss the applications made by the appellant's counsel at the SORA hearing, and fails to analyze potential appellate issues or highlight facts in the record that might arguably support the

appeal (*see People v Singleton*, 101 AD3d 909 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Inasmuch as the brief does not demonstrate that assigned counsel acted "as an active advocate on behalf of his . . . client" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 256 [internal quotation marks omitted]) or that he diligently examined the record, we must assign new counsel to represent the appellant (*see People v Singleton*, 101 AD3d at 910; *People v Ovalle*, 99 AD3d at 1024; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.