People v Lovette (2020 NY Slip Op 06892)





People v Lovette


2020 NY Slip Op 06892


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


769 KA 18-01961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND LOVETTE, JR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered August 17, 2016. The judgment convicted defendant upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed on the two counts of criminal possession of a weapon in the third degree and as modified judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing on counts 2 and 10 of the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [3]). In appeal No. 2, defendant appeals by permission of this Court from an order that denied his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction.
Taking appeal No. 2 first, contrary to defendant's contention, County Court properly denied his CPL 440.10 motion on the ground that the judgment was "pending on appeal, and sufficient facts appear on the record with respect to the . . . issue[s] raised upon the motion to permit adequate review thereof upon such an appeal" (CPL 440.10 [2] [b]; see People v Satterfield, 66 NY2d 796, 799 [1985]). To the extent defendant raises contentions in appeal No. 2 that involve facts outside the record, we note that they were not raised in the CPL 440.10 motion and are therefore not properly before us (see People v Swift, 66 AD3d 1439, 1440 [4th Dept 2009], lv denied 13 NY3d 911 [2009], reconsideration denied 14 NY3d 845 [2010]; see also People v Hamilton, 115 AD3d 12, 20 [2d Dept 2014]).
In appeal No. 1, defendant contends that defense counsel was ineffective because, at the suppression hearing, he failed to use the purported inconsistencies between the testimony of a police officer and the statements in a report prepared by that officer concerning the sequence of events leading up to the vehicle stop to undermine the People's showing at the hearing that the vehicle stop was based on probable cause, i.e., that the police stopped the vehicle after observing the driver of the vehicle commit a traffic violation (see generally People v Robinson, 97 NY2d 341, 349 [2001]). In our view, to the extent that defendant's contention survives his guilty plea (see generally People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), it is without merit. Defendant did not meet his burden of establishing that there was no "strategic or other legitimate explanation[]" (People v Rivera, 71 NY2d 705, 709 [1988]) for defense counsel's alleged failure to cross-examine the police officer with respect to the purportedly inconsistent statements, or for failing to call another officer to testify about the [*2]sequence of events leading up to the traffic stop. We note that the testifying police officer's report is silent on the sequence of events leading up to the stop and, therefore, would have done nothing to impeach that officer's testimony at the suppression hearing.
To the extent that defendant contends that defense counsel was ineffective for not impeaching the testifying officer with an inconsistent account of the traffic stop contained in a report prepared by a fellow officer, we reject that contention inasmuch as such action had little or no chance of success (see generally People v Caban, 5 NY3d 143, 152 [2005]) because a party may not impeach a witness with the prior inconsistent statement of another individual (see Jerome Prince, Richardson on Evidence § 6-411 [Farrell 11th ed 1995]; see generally People v Ortiz, 85 AD3d 588, 589 [1st Dept 2011]). Further, defense counsel was not ineffective for failing to call the other officer to testify about the sequence of events leading up to the traffic stop, because defendant has not shown the absence of any strategic reasons for that decision. Indeed, based on the other officer's account of the stop contained in his police report, testimony from that witness may actually have strengthened the People's case by establishing another reason justifying the stop of the vehicle (see generally People v Garcia, 148 AD3d 1559, 1561 [4th Dept 2017], lv denied 30 NY3d 980 [2017]; People v Biro, 85 AD3d 1570, 1571 [4th Dept 2011]).
We have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and conclude that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]), particularly in light of the fact that counsel negotiated a very favorable plea (see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]; People v Arney, 120 AD3d 949, 950 [4th Dept 2014]; People v Mack, 31 AD3d 1197, 1198 [4th Dept 2006], lv denied 7 NY3d 814 [2006]).
Finally, we agree with defendant that the determinate terms of incarceration of seven years imposed on counts 2 and 10 of the indictment, for criminal possession of a weapon in the third degree, class D felonies, are illegal. Those crimes are not violent felonies (see generally Penal Law § 70.02 [1] [c]), and therefore, the court should have sentenced defendant as a second felony offender on those counts and imposed indeterminate terms of incarceration (see § 70.06 [3] [d]; [4] [b]). Furthermore, inasmuch as defendant must be sentenced to indeterminate terms of incarceration, he is not subject to a period of postrelease supervision on those counts (see § 70.45 [1]; People v Harvey, 170 AD3d 1675, 1678 [4th Dept 2019], lv denied 33 NY3d 1031 [2019]). We therefore modify the judgment in appeal No. 1 by vacating the sentences imposed on the two counts of criminal possession of a weapon in the third degree, and we remit the matter to County Court for resentencing on counts 2 and 10 of the indictment.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court