People v Jackson (2022 NY Slip Op 04255)

People v Jackson

2022 NY Slip Op 04255

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

486 KA 19-00667

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT JACKSON, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROSE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 15, 2018. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal because County Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of that waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021]).
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). To the extent that defendant's contention is based on defense counsel's alleged failure to investigate or prepare a defense, it is unreviewable on direct appeal because it involves matters outside the record (see People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]; People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007]). To the extent that defendant's contention survives his plea and is reviewable on direct appeal, we conclude that it lacks merit inasmuch as the record establishes that defendant received an advantageous plea agreement, and nothing in the record suggests that defense counsel's representation was anything less than meaningful (see Boyde, 71 AD3d at 1443). Indeed, the record establishes that defense counsel negotiated a favorable plea resulting in the instant determinate term of 25 years' imprisonment rather than the indeterminate term of 25 years to life that could have been imposed had defendant been convicted of murder in the second degree at trial (see People v Mack, 31 AD3d 1197, 1198 [4th Dept 2006], lv denied 7 NY3d 814 [2006]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court